BRANDT ET AL., RESPONDENTS, *v.* McINTOSH ET AL., DEFEND-
ANTS; HULLER ET AL., APPELLANTS.

(No. 3,245.)

(Submitted February 10, 1913.   Decided February 21, 1913.)

[130 Pac. 413.]

*Corporations—Actions by Minority Stockholders—Complaint—
Injunctions Pendente Lite—Insufficiency—Conclusions—Duty
of Stockholders Before Bringing Action.*

Injunctions *Pendente Lite*—Insufficiency of Complaint—Conclusions.
  1.   The complaint in a suit to set aside a judgment and vacate the
  sheriff's sale had to satisfy it, which alleged that the claim forming
  the basis of the judgment was a "pretense and fraudulent," and "in
  fraud of the rights" of plaintiffs, but did not set forth the facts upon
  which the charges of wrongdoing were grounded, was insufficient under
  section 6532, Revised Codes, and therefore did not justify the court
  in granting an injunction *pendente lite* against execution and delivery
  of the sheriff's deed.

Corporations—Action by Minority Stockholders—Nature of Action.
  2.   A suit brought by seven stockholders for themselves and a large
  number of others, not named, similarly situated, to set aside a sheriff's
  sale and enjoin the issuance of a deed thereunder, was one brought in
  behalf of the corporation, and not one to subserve the private, per-
  sonal interests of plaintiffs.

Same—Duty of Stockholders Before Bringing Action—Complaint—Insuffi-
  ciency.
  3.   Before stockholders may have recourse to a court of equity for re-
  dress of their grievances as to corporate affairs, they must first exhaust
  their remedy within the corporation itself; hence the complaint men-
  tioned in paragraph 1 above, was further insufficient for failing to
  allege that plaintiffs were minority stockholders; that a demand had
  been made upon and refusal by the board of directors, or why a de-
  mand would have been useless.

Same.
  4.   An allegation of demand upon the president and secretary (di-
  rectors) of a corporation for a redress of grievances of minority stock-
  holders is insufficient in the absence of a statement showing the number
  constituting the board of directors.

Same.
  5.   The complaint referred to in the foregoing paragraphs was deficient,
  also, in that while alleging wrongdoing by the officers of the corpora-
  tion in neglecting to effect a redemption of its property sold at the
  sheriff's sale sought to be vacated, it omitted to aver that the officers
  had funds, or the means of obtaining them, with which to do so.

*Appeal from District Court, Missoula County; F. C. Webster,
Judge.*

ACTION by Henry E. Brandt and others against Robert G. Mc-
Intosh and others.   From an order granting an injunction *pen-
dente lite,* defendants Curtis, Huller and W. L. Kelley, sheriff,
appeal.   Reversed.

*Mr. Elmer E. Hershey,* for Appellants, submitted a brief and
argued the cause orally.

In behalf of Respondents, there was a brief by *Messrs. McChes-
ney, Becker & Bradley, Messrs. Woody & Woody,* and *Mr. A. J.
Violette,* and oral argument by *Mr. Frank Woody* and *Mr. Vio-
lette.*

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

This is an appeal from an order granting an injunction.   The
complaint alleges that in June, 1911, Curtis Huller commenced
an action in the district court of Missoula county against the
Amador Copper and Gold Mining and Milling Company, Lim-
ited, a corporation, to recover $5,822.44, alleged to be due him
for work and labor performed for the corporation; that due ser-
vice of summons was made; that on July 8, 1911, the default of
the defendant corporation was entered, judgment recovered by
default for the full amount demanded, and execution issued and
placed in the hands of the sheriff of Missoula county for service.
It is then alleged that in the proceedings leading up to the sher-
iff's sale, and in the sale itself, such irregularities occurred, and
these are pointed out, that a sheriff's deed ought not to issue
to the purchaser of the property at such sale.   After a hearing
the district court ordered an injunction to issue restraining the
defendant sheriff from issuing the deed, and this appeal fol-
lowed.

But for certain statements contained in the brief of respond-
ents we would be uncertain as to the theory upon which plain-
tiffs proceeded, but we have the repeated assurance that the
purpose of this suit is twofold: (1) To set aside the Huller judg-
ment; and (2) to have vacated the pretended sheriff's sale.   As

ancillary relief and for the purpose of maintaining the *status quo,* an injunction was demanded restraining the sheriff from executing or delivering a sheriff's deed pending a final determination of the cause.

1. The only allegations to be found in the complaint which [1]  reflect in the least upon the character of Huller's claim or his judgment are these: "That the claim of the said Curtis Huller is a pretense and a fraudulent claim, approved by the said Robert G. McIntosh and the said George F. Stoney, together with other parties unknown to your orators, for the sole purpose of obtaining possession of the Amador mine and the other property mentioned in the said sheriff's sale for themselves in fraud of your orators' rights," *etc.*   And, again: "Your orators further allege that the entire suit brought in this court by Curtis Huller is a mere scheme and conspiracy on the part of the said Curtis Huller, Robert G. McIntosh, and George F. Stoney and others unknown to your orators to obtain possession of the said premises described in the said sheriff's return in fraud of the rights of your orators," *etc.*   It will be observed at once that in neither of these excerpts is there a single fact stated.   Each consists of a bald conclusion.   Under our Code, the complaint must contain a statement of the facts constituting the cause of action.   (Rev. Codes, sec. 6532.) . There is not any contention that Huller did not render services to the corporation of the value of the amount claimed, or that such services were not necessary; indeed, there is not a suggestion of any fact which tends in the remotest degree to impeach the integrity of the judgment. The employment of such extravagant terms as "fraud," "conspiracy," and other words of like malign import, unaccompanied by a statement of fact upon which the charges of wrongdoing rest, is a useless waste of words.   (20 Ency. of Pl. & Pr. 786.) The complaint fails altogether to state facts sufficient to constitute a cause of action for setting aside the Huller judgment.

2. Assuming that sufficient facts are stated to warrant the action of the trial court in granting an injunction *pendente lite* if the corporation whose property is alleged to be in jeopardy

was plaintiff, we still have for consideration the question: Does
[2]   the complaint state a cause of action for an injunction in
favor of these plaintiffs?   The suit is brought by seven named
stockholders of the Amador Copper and Gold Mining and Mill-
ing Company, Limited, for themselves and for 500 other stock-
holders in that company similarly situated.   The purpose of
having the sheriff's sale set aside is to protect property owned
by the corporation, and not to subserve any private, personal
interests of plaintiffs, as distinguished from the rights common
to all other stockholders of the company.   An action of this char-
acter is one brought in behalf of the corporation itself.   (*McCon-
nell* v. *Combination Mining & Milling Co.*, 30 Mont. 239, 104
Am. St. Rep. 703, 76 Pac. 194.)   It is elementary that, before
[3]   stockholders can go into a court, they must first exhaust
their remedy within the corporation itself.   If they hold a major-
ity of the stock, they may control the election of the directors
(Rev. Codes, sec. 3835), or, if they control two-thirds of the
stock, they may remove an objectionable director (section 3838).
Because of the power and authority thus lodged in the stock-
holders, courts of equity refuse to listen to their complaints, un-
less it appear that the situation of the parties is such that they
cannot secure relief from the corporate authorities.

In the first place, this complaint does not even disclose that
these named plaintiffs and those for whose benefit the suit was
brought are minority stockholders.   We are not informed what
amount of the stock these plaintiffs own or control, or what the
authorized or issued stock of the corporation is.   Therefore the
plaintiffs do not show their inability to secure relief within the
corporation itself, and for this reason fail to state a cause of
action.   But, even if they are minority stockholders, they still
fail to state a cause of action.   It is an elementary rule of law
that, before minority stockholders can be heard to prosecute a
suit founded on a right of action existing in the corporation itself,
they must allege that a demand has been made upon the board
of directors or other governing body of the corporation for re-
lief from the grievances of which they complain or for action in

conformity with their desires, and that such demand has been met by a refusal, or, in lieu of such demand and refusal, they must show such a state of facts as discloses that the demand, if made, would have been entirely unavailing. The complaint fails to disclose any demand whatever upon the board of directors to prosecute this suit or prevent the threatened injury to the corporation's property. It is alleged, however, "that your orators have requested the said officers and directors to redeem [4] said property from said liens and judgment and especially from the pretended sale to Curtis Huller, but that the said officers and directors have made no attempt to redeem said property and have refused and still refuse to do so," but this reference is only to the defendants McIntosh and Stoney, president and secretary, respectively, of the defendant corporation, and each a director thereof. We are not informed of the number of directors constituting the board, and it is therefore impossible to say that the acts of the president and secretary are such that relief could not be had from the board itself, and certainly neglect or misconduct on the part of those two officers is not sufficient to relieve the plaintiffs from the necessity of applying to the board of directors for a redress of their grievances or for action in conformity to their wishes. The authorities in support of these propositions are so numerous that reference to the texts where they are cited will suffice. (10 Cyc. 967; 26 Am. & Eng. Ency. of Law, 2d ed., 976; 20 Ency. of Pl. & Pr. 778; 2 Cook on Stock and Stockholders, 3d ed., sec. 701.)

While it is alleged that the officers have refused to redeem the [5] corporation's property from the pretended sale under the Huller judgment, the complaint fails to allege that the officers or directors have any funds, or the means of obtaining funds, with which to effect such redemption.

The complaint contains the following paragraph: "That since the year 1907 the operation and control of said mine has been in the hands of a board of directors, most of whom were residents of the state of Idaho, and the property has been managed and controlled since that time by said board of directors for their

own personal advantage and gain, and in such a manner that the directors or some of them may finally acquire the property herein described, to the great loss and detriment of your orators, and the stockholders represented by them." Assuming, without deciding, that the words "said mine" refer to all the real property sold at the sheriff's sale, the paragraph quoted is distinguished by the adroitness with which the pleader approaches facts, which might reflect adversely upon the conduct of the board of directors, without stating them. It will not do to say that the directors managed the property for their own personal gain. The facts must be stated upon which such a charge can rest.

Because the complaint does not state any cause of action in favor of these plaintiffs, the trial court erred in directing an injunction to issue, and the order is accordingly reversed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.