MOSS, Respondent, *v.* GOODHART, Appellant.

(No. 3,239.)

(Submitted March 22, 1913.   Decided April 15, 1913.)

[131 Pac. 1071.]

*Corporations—National Banks—Receivers—Action by Stock-*
*holder — Complaint — Demand for Redress — Upon Whom —*
*Appeal and Error—Theory of Case—Equity—Instructions—*
*Evidence — Erroneous Admission — Presumptions — Cross-ex-*
*amination—Scope.*

Appeal and Error—Theory of Case—Equity—Instructions.
  1.   Where appellant acquiesced in the trial of a cause as a suit in equity, he was bound on appeal by the theory thus adopted, and was therefore not in position to complain of alleged error in giving or refusing instructions to the jury.
Equity—Instructions—General Verdict—Submission to Jury Erroneous.
  2.   In an equity case tried with a jury, only the formal instructions should be given, and a general verdict should not be submitted.
Same—Evidence—Erroneous Admission—Presumptions—Appeal.
  3.   On appeal in an equity suit, the presumption obtains that the district court in arriving at its decision disregarded any erroneously admitted evidence, unless it appears that it influenced the decision in some material aspect.
Corporations —National Banks—Receivers —Stockholder's Action —De-
  mand—Complaint.
  4.   The rule that to entitle a stockholder to prosecute an action for redress of an injury to the corporation, as distinguished from one which he himself has suffered, he must allege that he has made de-mand upon the corporate authorities (or the receiver in charge) to act, or make it apparent that a demand upon them (or him) would have been useless, is applicable to national banks; in case of such

a corporation he must allege demand upon the board of directors, the receiver or the controller of the currency.

Evidence—Complaint—Insufficiency—When Treated as Amended.

5.   Where evidence is admitted, without objection, in aid of a fact necessary to state a cause of action but not alleged in the complaint, the pleading will, after judgment, be treated as amended to admit such proof.

Same—Cross-examination—Scope.

6.   The right of cross-examination is a substantial one, and should not be unduly restricted, but the fullest scope should be allowed to the end that the jury may be advised of all facts having a legitimate bearing upon the issues presented.

*Appeal from District Court, Yellowstone County; Geo. W. Pierson, Judge.*

ACTION by P. B. Moss against Richard W. Goodhart. From a judgment for plaintiff and an order denying him a new trial, the defendant appeals. Reversed and remanded.

*Mr. W. M. Johnston,* and *Mr. H. J. Coleman,* for Appellant, submitted a brief; *Mr. Johnston* argued the cause orally.

It is an elementary principle of the law that a neglect of duty, where no loss occurs, cannot give rise to a right of action. (1 Cyc. 666, 667.) The first ground upon which we seek a reversal of the judgment in this cause is based upon this elementary and undisputable principle; and in order to recover damages from the receiver, or trustee, for shrinkage in or loss of a trust fund, a loss to or of the trust fund must be shown. (*Taft* v. *Smith,* 186 Mass. 31, 70 N. E. 1031; 34 Cyc. 269, note 65; *In re Cornell,* 110 N. Y. 351, 18 N. E. 142.) None has been shown here.

An action on behalf of a corporation cannot be maintained by a stockholder unless the corporation or its directors have declined to bring the action, and the interests of the stockholders make it necessary that one should be instituted. A demand is a condition precedent to action (4 Thompson on Corporations, 4581; 10 Cyc. 975 *et seq.*), and when a corporation becomes insolvent and goes into the hands of a receiver, the corporate right of action passes to such receiver, and in case of an insolvent national bank, to the controller of the currency, upon whom such demand must be made before suit can

be brought by a stockholder. (See *Wallace* v. *Lincoln Savings Bank*, 89 Tenn. 630, 24 Am. St. Rep. 625, 15 S. W. 448; *Williams* v. *Halliard*, 38 N. J. Eq. 373; *Ackerman* v. *Halsey*, 37 N. J. Eq. 356; *Jones* v. *Johnson*, 86 Ky. 530, 6 S. W. 582; *Bank* v. *Caperton*, 87 Ky. 306, 12 Am. St. Rep. 488, 8 S. W. 885; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; *Farwell* v. *Great Western Tel. Co.*, 161 Ill. 522, 44 N. E. 891; *Coble* v. *Beall*, 130 N. C. 533, 41 S. E. 793; *Fisher* v. *Andrews*, 37 Hun (N. Y.), 176; *Brinckerhoff* v. *Bostwick*, 23 Hun (N. Y.), 237.) In *O'Connor* v. *Virginia Passenger & Power Co.*, 184 N. Y. 46, 76 N. E. 1082, the court says: "In a derivative action of the character of the present one, the complaint should allege that· the corporation, on being applied to, refused to prosecute and that this averment constitutes an essential element of the cause of action." To the same effect are: *Greaves* v. *Gouge*, 69 N. Y. 154; *Flynn* v. *Brooklyn City R. Co.*, 158 N. Y. 493, 53 N. E. 520; *Ide* v. *Bascomb*, 18 Colo. App. 415, 72 Pac. 62.

The only ground arising at the trial upon which a liability in Mr. Goodhart could be predicated is that of failing to use due care and judgment in dealing with the assets of the First National Bank of Billings. In the case of *Taft* v. *Smith*, *supra*, the court says: "A trustee, in making investments and in the general management of the trust, is held only to good faith and sound discretion, and is not liable for the consequences of an error in judgment, unless the error is such as to show that he acted in bad faith, or failed to exercise sound discretion." (*Wagner* v. *Swift's Iron etc. Works* (Ky.), 26 S. W. 720.) All the cases agree that a receiver is not bound to use any greater care, prudence or foresight than a man of ordinary care, skill and prudence would use in his own affairs and with his own property, under the same circumstances. Nor is a receiver liable for any mere error in judgment. (*Windon* v. *Stewart*, 43 W. Va. 711, 28 S. E. 776; *United States* v. *Church of Jesus Christ*, 6 Utah, 9, 21 Pac. 510; *Ripley* v. *McGavic*, 120 Iowa, 52, 94 N. W. 452; *Browning* v. *Stiles* (N. J.), 65 Atl. 457; *Appeal of Bailcy* (Pa.), 5 Atl. 49; *Hamm* v. *Livestock Co. et al.*, 13 Tex. Civ. App. 441, 35 S. W. 427; *In re Cousins' Es-*

*tate,* 111 Cal. 441, 44 Pac. 182; *Ellig* v. *Naglee,* 9 Cal. 683; *Bumgardner* v. *Harris,* 92 Va. 188, 23 S. E. 229; *Thompson* v. *Brown,* 4 Johns. Ch. (N. Y.) 619.)

*Mr. O F. Goddard,* and *Mr. F. L. Tilton* submitted a brief in behalf of Respondent; *Mr. C. B. Nolan,* of counsel, argued the cause orally.

We maintain that each and every stockholder in the First National Bank of Billings, by virtue of this personal liability, had a financial interest in the collection of the assets of the bank, which interest was personal, and independent of and separate from the interest of the corporation itself. A sacrifice of any of the assets of the bank meant an equal personal and individual loss to the stockholders thereof entirely distinct from the loss to the corporation. We do not maintain that there was any right of action in the plaintiff below because of the loss to and decrease in the value of his stock in the bank. A right of action based upon this ground would unquestionably be in the corporation itself, or in the receiver thereof. (*Howe* v. *Barney,* 45 Fed. 668; *Hirsch* v. *Jones,* 56 Fed. 137; *McMullen* v. *Ritchie,* 64 Fed. 253.) Aside from the decrease in the value of his stock, and the loss attendant thereon, the plaintiff is under a personal liability to the amount of the par value of the stock, and that in bringing this suit he brought it for his own personal benefit. He was the owner of practically all of the stock of the corporation, and, so far as appears, every dollar more that was realized from the assets of the bank meant that much less to be paid by the plaintiff out of his own pocket. In the case of *Dewing* v. *Perdicaries,* 96 U. S. 193, 24 L. Ed. 654, the court laid down the rule as follows: "Where a cause of action affects the entire interests of a corporation as such, the corporation is the proper party to sue. Where it affects especially a stockholder, he has the same right to sue *pro interesse suo* as anyone else. In the latter case it may or may not be necessary to make the corporation a party."

The rule as laid down by the courts generally in relation to the degree of care and prudence required of receivers in the

exercise of their duties is well settled. ''A receiver is bound to the exercise of prudence and good faith in all his dealings with the trust estate, and to bring to the discharge of his official duties the same measure of skill and prudence, and the same personal supervision that he would give if the estate was his own.'' (*Heffron* v. *Milligan,* 40 Ill. App. 291; *State Cent. Sav. Bank* v. *Fanning Chain Co.,* 118 Iowa, 698; 92 N. W. 712; *Schwartz* v. *Keystone Oil Co.,* 153 Pa. 283, 25 Atl. 1018.) · See, also, 34 Cyc. 253, where the rule is laid down as follows: ''The degree of care proper to be exercised in the preservation of funds arising from the seizure of the property of a citizen requires that a receiver intrusted with such fund should be held to a rigid accountability.'' Testing the actions of the appellant herein by this rule, we think that a clear preponderance of the evidence supports the findings as to the lack of care and prudence on the part of the defendant Goodhart in the transaction.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On July 2, 1910, P. B. Moss was president of and principal stockholder in the First National Bank of Billings, when by order of the controller of the currency the bank was closed. Richard W. Goodhart was appointed receiver and immediately took possession of the bank's books and assets, and continued to act as such receiver until superseded by Philip Tillinghast, on October 25, 1910. When Goodhart took possession, C. D. Prather was indebted to the bank upon a promissory note for $15,000. The indebtedness was secured, in part at least, by a chattel mortgage upon certain range horses and cattle. Prior to the maturity of the Prather note, and about September 19, 1910, a sale of the mortgaged property to R. D. Currier was effected for $5,000, which amount was paid to the receiver and by him credited on Prather's note. After Tillinghast succeeded to the receivership, this action was commenced by Moss against Goodhart and Currier. The complaint recites the facts above more in detail, alleges that the mortgaged property was rea-

sonably worth $11,700; that Goodhart and Currier entered into a conspiracy to force Prather to sell the property to Currier for a sum much less than the fair value; and that Goodhart, by threats and menaces, succeeded in compelling the sale, to the injury of the stockholders and creditors of the bank in the sum of $6,700. It is further alleged that on or about November 22, 1910, the plaintiff "made demand upon the said Tillinghast, as receiver of the said bank, to bring suit against the said defendant Goodhart and the said defendant Currier to set aside said sale of said property, and for an accounting to the said trust for the value thereof, which demand was by the said Tillinghast, receiver of the said bank as aforesaid, then and there refused." The concluding paragraph of the complaint and the prayer read as follows: "This suit is brought and prosecuted in the interests of this plaintiff and of the other stockholders of said bank, as well as in the interests of all of the creditors of said bank, to the end that justice and equity may be done in the premises. Wherefore the plaintiff demands that the said sale, or pretended sale, of the said horses and cattle made by the said C. D. Prather to the said Currier be declared null and void, and that the bill of sale executed on such sale by the said C. D. Prather to the said Currier be declared null and void and of no effect, and that the defendant herein be required to account to, and pay over, to the said Philip Tillinghast, the receiver of the First National Bank of Billings, and to said trust, the said sum of $6,700, to be by the said Tillinghast treated as other funds and assets of the said trust, and for such other and further relief as the court may find meet and agreeable to equity, and for costs of suit." To this complaint a demurrer, general and special, was interposed and overruled, and the defendants then answered, denying all the allegations of conspiracy, intimidation, or wrong conduct on the part of either of them, and alleging that the sale of the mortgaged property was made in good faith for the reasonable value thereof and for the best interests of the bank and its creditors. The affirmative allegations of the answer were put in issue by reply.

The cause was tried to the court sitting with a jury. At the close of the testimony, instructions upon the questions of law involved were settled and submitted to the jury. A general verdict in favor of the plaintiff and against the defendants for $3,312.50, and also twelve special findings, were returned. Counsel for the defendants moved the court to adopt four of the findings as made, to reject the general verdict and the other special findings, and also to find in favor of the defendants upon some eight questions which were presented. The court denied the request, rejected the first two special findings made by the jury, adopted the others and the general verdict as against defendant Goodhart, but in favor of defendant Currier, and further found: "That the defendant Richard W. Goodhart carelessly, negligently, and wantonly failed to represent the best interests of his trust, the said plaintiff, the First National Bank of Billings and its stockholders and creditors, and sold the property described in the complaint for a sum less than its reasonable market value to the damage of the said First National Bank, its creditors, and the said P. B. Moss in the sum of $3,312.50." The conclusion of the trial court was that the plaintiff should recover the amount of the verdict for the benefit of the bank, its receiver, creditors, and stockholders. The judgment rendered recites that: "P. B. Moss do have and recover of and from the said defendant Richard W. Goodhart the sum of $3,312.50 together with interest thereon at the rate of 8 per cent. per annum from the date hereof until paid, and together with costs and disbursements incurred in said action, amounting to the sum of $————." It is from that judgment and from an order denying him a new trial that defendant Goodhart appeals.

1. The errors assigned upon the instructions given and refused, and upon the rulings of the court admitting evidence, are not available to appellant. It is unnecessary for us to determine the character of this action; whether it is a suit in equity to set aside the sale of the mortgaged property, or for an accounting, or an action at law for damages. It appears [1] from the record that the cause was tried upon the theory

that it is a suit in equity, and appellant is bound by the theory
he adopted in the court below. (*Cohen* v. *Clark*, 44 Mont. 151,
119 Pac. 775; *Galvin* v. *O'Gorman*, 40 Mont. 391, 106 Pac. 887;
*Dempster* v. *Oregon Short Line Ry. Co.*, 37 Mont. 335, 96 Pac.
717.)   Upon that theory no error can be predicated upon the
giving or refusal to give instructions.   No instructions except
[2]   the formal ones should be given; no general verdict should
be submitted; and, if evidence be admitted which should not
be, the presumption prevails that the trial court disregarded it,
[3]   unless it appears that it influenced the decision in some
material aspect. (*Bordeaux* v. *Bordeaux*, 43 Mont. 102, 115
Pac. 25; *Rumping* v. *Rumping*, 41 Mont. 33, 108 Pac. 10; *San-
ford* v. *Gates*, 21 Mont. 277, 53 Pac. 749.)

2. The principal controversy is over the right of plaintiff
Moss to maintain this action.   The plaintiff's allegation that
before commencing this action he demanded of Tillinghast that
he bring it and that this demand was refused is denied in the
answer.   There was not any proof whatever offered in support
[4]   of the allegation.   Counsel for respondent concede the
general rule to be, as heretofore stated by this court, that a
stockholder cannot prosecute an action for redress for an injury
to a corporation, unless it appears that a demand has been
made and refused or a situation is disclosed from which it is
manifest that an appeal to the corporate authorities would be
useless. (*Brandt* v. *McIntosh*, 47 Mont. 70, 130 Pac. 413.)   If
the corporation is in the hands of a receiver, the demand should
be made upon that officer. (*Boston & Mont. etc. Co.* v. *Mon-
tana Ore Pur. Co.*, 24 Mont. 142, 60 Pac. 990.)   This is the rule
applicable to ordinary, private corporations.   If, however, the
corporation which is in the hands of a receiver be a national
bank, the demand and refusal are still necessary, though there
is some diversity of opinion as to whether the demand should
be made upon the corporation (*Bank of Bethel* v. *Pahquioque
Bank*, 14 Wall. (U. S.) 383, 20 L. Ed. 840), or upon the receiver,
or the controller of the currency. (*Brinckerhoff* v. *Bostwick*,
23 Hun (N. Y.), 237.)   Our Code declares that every action
must be prosecuted in the name of the real party in interest.

There is not any right in Moss to act for the creditors of the bank, and he can only act for the bank itself by showing that he has made demand upon the corporation (that is, upon the board of directors) or the receiver in charge, or the controller of the currency, and that his demand has been refused. (4 Thompson on Corporations, 4180, 4181; 10 Cyc. 965.) The complaint in this instance does not proceed upon the theory that demand was excused, but upon the theory that a demand was necessary and was actually made. Whenever a demand is necessary, the allegation that such demand was made and refused is an essential ingredient to the statement of a cause of action by the stockholder. (*O'Connor* v. *Virginia P. & P. Co.*, 184 N. Y. 46, 76 N. E. 1082; *Flynn* v. *Brooklyn C. R. Co.*, 158 N. Y. 493, 53 N. E. 520; *Cogswell* v. *Bull*, 39 Cal. 320; *Beshoar* v. *Chappell*, 6 Colo. App. 323, 40 Pac. 244; *Coble* v. *Beall*, 130 N. C. 533, 41 S. E. 793; *Hawes* v. *Oakland*, 104 U. S. 450, 26 L. Ed. 827; 10 Cyc. 983.)

In their brief, counsel for respondent also concede that there was not "any right of action in the plaintiff below because of the loss to and decrease in the value of his stock in the bank. A right of action based upon this ground would unquestionably be in the corporation, or in the receiver thereof"; citing *Howe* v. *Barney* (C. C.), 45 Fed. 670; *Hirsh* v. *Jones* (C. C.), 56 Fed. 138; *McMullen* v. *Ritchie* (C. C.), 64 Fed. 262. If, then, this action is brought on behalf of the corporation or its creditors, or because of depreciation in the value of plaintiff's stock, the plaintiff, in failing to prove demand and refusal, failed to make out a case, and there is not any attempt to defend against this conclusion. It is unnecessary for us to determine upon whom the demand should be made in an action brought on behalf of the First National Bank of Billings, for, notwithstanding the complaint alleges that a demand was made upon Tillinghast, plaintiff now repudiates the idea that this is a derivative action at all. It is insisted that since plaintiff, as a stockholder of the bank, is liable for an assessment equal to the par value of his stock, under section 5151, United States Revised Statutes (U. S. Comp. Stats. 1901, p. 3465), he "had

a financial interest in the collection of the assets of the bank, which interest was personal and independent of and separate from the interest of the corporation itself. A sacrifice of any of the assets of the bank meant an equal personal and individual loss to the stockholders thereof, entirely distinct from the loss to the corporation." And again: "The plaintiff is under a personal liability to the amount of the par value of the stock, and in bringing this suit he brought it for his own personal benefit." We have taken these excerpts from the brief of respondent in an effort to state his theory of the nature of his claim. If we understand his contention aright, it is that Goodhart, while receiver, sacrificed the security held for the Prather note, with the result that $6,700, the difference between the amount realized by Goodhart and the alleged actual value of the mortgaged property, has been lost to the funds of the bank, which sum this plaintiff, as a stockholder, will or may be required to make good in the proportion that his stock bears to the total capital stock of the bank.

We would be reasonably certain that we have stated respondent's position correctly, but for the many changes which appear to have occurred in his theory of his case from its inception to the final submission in this court. As indicated in the quotation from his complaint above, he brought this action in the interest of himself and other stockholders and the creditors of the bank. After hearing the evidence, the trial court concluded that the recovery should be for the bank, its receivers, its creditors and stockholders, while the judgment entered was an ordinary money judgment in favor of plaintiff Moss personally. The alleged demand upon Tillinghast was to institute a suit "to set aside the sale" of the mortgaged property, and the prayer of plaintiff's complaint is that the sale "be declared null and void." If the purpose of this suit was to set aside the sale, the finding in favor of Currier, who was a party to the sale, amounted to a denial of the relief sought, while the judgment entered in favor of Moss personally takes no account of the rights of the other stockholders or the creditors of the bank. Apparently the judgment is in complete harmony with

the theory of respondent at this time, as indicated by the excerpts from his brief above, but it is without any foundation whatever in the pleadings and contradictory of the trial court's conclusion. Of course, if respondent is right now in asserting that he brought this action for his own personal benefit and for an injury which he suffered independently of the bank and its creditors, then it was not necessary to allege or prove a demand, and for the very obvious reason that it was not a matter of concern to the corporation at all. Upon this the authorities are uniform. (4 Thompson on Corporations, sec. 4590.)

If the action was brought on behalf of the bank, plaintiff has failed because he has not shown a demand and refusal, or any excuse for not making demand. If it was brought to redress a grievance peculiarly plaintiff's own or to recover for plaintiff's own benefit, then his complaint does not state a cause of action, and the general demurrer should have been sustained. The mere fact that under section 5151, United States Revised Statutes, he may be called upon to respond to an assessment upon his stock is not sufficient to give him a cause of action. He cannot anticipate that he will be injured. The bare possibility that he will be damaged is not sufficient to entitle him to a judgment. Courts cannot adjudicate with reference to events which may or may not transpire. There is not any allegation that an assessment has been or will be levied upon plaintiff's stock; neither is there any allegation that plaintiff has paid into the receiver's hands any sum whatever, or that he ever will be required or able to do so. And in passing it may be said that there is not any suggestion in the evidence either that plaintiff has paid, or been requested to pay, any assessment upon his stock. If he has not paid, he has not been injured; and, if he is never required to pay, he never will be injured.

3. Counsel for appellant also insist that the complaint fails to state a cause of action in that it fails to disclose that Prather is insolvent or that any loss will result from the sale of the mortgaged property to Currier for the price received; and this

[5] argument would be unanswerable but for the fact that without objection evidence was introduced from which it is fairly inferable that Prather was insolvent at the time of the sale, and that this mortgaged property was the only resource from which to obtain payment of his indebtedness to the bank. Under such circumstances, after judgment, this court will treat the complaint as amended to admit the proof. (*Lackman* v. *Simpson,* 46 Mont. 518, 129 Pac. 325; *Post* v. *Liberty,* 45 Mont. 1, 121 Pac. 475; *O'Brien* v. *Corra-Rock Island M. Co.,* 40 Mont. 212, 105 Pac. 724.)

4. Because of the uncertainty as to the theory upon which plaintiff has proceeded, we would be unable to make final disposition of this case, if there were not any other errors appearing. On the one hand, there is much evidence in the record dealing with the management of the bank which is wholly immaterial [6] upon any theory of the case, while on the other we think the trial court committed error in unduly restricting defendant in the cross-examination of plaintiff's witnesses. The issues presented related to the conspiracy alleged to exist, but which the trial court impliedly found did not exist; the fair market value of the mortgaged property; whether defendant Goodhart exer-cised reasonable care to ascertain the value; and whether by co·ercion he forced Prather to sell the property at a sacrifice. Any evidence, if otherwise competent, which would tend to throw light upon any of these issues should have been received. Courts exist to administer justice as nearly as may be, and to this end the tendency of modern practice is to liberalize the procedure in order that the very truth respecting the controversy may be disclosed. In *Knuckey* v. *Butte Electric Ry. Co.,* 45 Mont. 106, 122 Pac. 280, this court said: "We think the court unduly restricted the cross-examination, and again suggest the propriety of allowing the fullest scope for such examinations, to the end that the jury may be advised of all facts having a legitimate bearing upon the issues presented." And in *State* v. *Biggs,* 45 Mont. 400, 123 Pac. 410, these observations were made: "The right of cross-examination is a substantial one and may not be unduly restricted. It may extend, not only to facts stated by the witness in his orig-

inal examination, but to all other facts connected with them which tend to enlighten the jury upon the question in controversy. (*Kipp* v. *Silverman,* 25 Mont. 296, 64 Pac. 884; *Heffer-lin* v. *Karlman,* 30 Mont. 348, 76 Pac. 757; *State* v. *Howard,* 30 Mont. 518, 77 Pac. 50; Rev. Codes, sec. 8021.) The rule necessarily includes questions, the purpose of which is to bring out facts illustrative of the motives, bias, and interest of the witness, or as reflecting upon his capacity and memory. The right would be of little value if inquiry into these matters were not permitted." Without stopping to consider separately each particular error predicated upon rulings of the trial court restricting defendants' counsel in their cross-examination, we think the foregoing will suffice.

The judgment and order are reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.