COBB ET AL., RESPONDENTS, *v.* LEE, APPELLANT.

(No. 6,188.)

(Submitted October 17, 1927. Decided October 29, 1927.)

[260 Pac. 722.]

*Corporations—Minority Stockholders—Right to Maintain Action in Behalf of Corporation Does not Lie, When.*

Corporations — Action by Minority Stockholders on Behalf of Corporation not Maintainable, Until When.
1. Stockholders may not sue on behalf of the corporation until they have applied to its officers and directors for relief and have met with refusal or can show a state of facts that if demand upon them had been made, it would have been fruitless.

Same.
2. Neglect or misconduct on the part of the president of the board of directors of a corporation is not sufficient to relieve minority stockholders, before commencing action in behalf of the corporation, from demanding that the action be brought in its name; before they can go into court they must first exhaust their remedy within the corporation, either by way of appeal to its managing body, or, failing there, by effort to obtain action by the stockholders as a body, and if this is not done they must be able to show a case where it could not be done or it was not reasonable to require it.

Same—Stockholders have Right to Inspect Books of Corporation—Mandamus.
3. Under sections 6008 and 6009, Revised Codes 1921, stockholders in a corporation have the right to inspect its books,

---

1. Actions by or on behalf of stockholders of corporation, see notes in 97 **Am. St. Rep.** 29; 51 **L. R. A.** (n. s.) 99. See, also, 7 **R. C. L.** 331.

3–4. Right of stockholder to inspect books of corporation and remedies to enforce right, see notes in 107 **Am. St. Rep.** 674; 1 **Ann. Cas.** 130; 10 **Ann. Cas.** 990; 19 **Ann. Cas.** 310; 20 **Ann. Cas.** 612; **Ann. Cas.** 1913E, 173; **Ann. Cas.** 1917A, 103; **Ann. Cas.** 1917D, 898; 22 **A. L. R.** 24; 43 **A. L. R.** 783; 45 **L. R. A.** 446; 20 **L. R. A.** (n. s.) 185; 30 **L. R. A.** (n. s.) 291; 42 **L. R. A.** (n. s.) 332. See, also, 7 **R. C. L.** 322 et seq.

[80 Mont. 328.]

and, upon a proper showing, may compel compliance with their demand by mandamus.

Same—Complaint of Minority Stockholders Held Insufficient to Show Right to Maintain Action to have President Declared Involuntary Trustee for Benefit of Corporation.

4. Complaint, in an action by minority stockholders in a mining corporation, brought in its behalf, to have its president declared an involuntary trustee, for its benefit, of mining claims acquired by him in alleged violation of his fiduciary relation to the company, and transferred by him to another company, *held*, insufficient to show a right in plaintiffs to bring the action in behalf of the corporation, in failing to allege that they had first exhausted their remedy within the corporation itself, under the above rules.

[1] Corporations, 14 C. J., sec. 1449, p. 931, n. 73, p. 932, n. 74, 75; sec. 1471, p. 947, n. 28 New. 14a C. J., sec. 1800, p. 49, n. 22; sec. 1842, p. 81, n. 49.

[2–4] Corporations, 14 C. J., sec. 1300, p. 853, n. 20; sec. 1448, p. 931, n. 70 New; sec. 1449, p. 931, n. 71, p. 933, n. 94, 95; sec. 1451, p. 935, n. 26; sec. 1467, p. 945, n. 85; sec. 1471, p. 947, n. 28 New. Mandamus, 38 C. J., sec. 452, p. 794, n. 1.

*Appeal from District Court, Fergus County, in the Tenth Judicial District; G. J. Jeffries, Judge of the Fifteenth District, presiding.*

SUIT by E. F. Cobb and others, as stockholders of the Ford Creek Gold Mining Company, for the use and benefit of the Ford Creek Gold Mining Company, against John Lee and another. Judgment for plaintiffs and defendant named appeals. Reversed, with direction to dismiss the action.

*Messrs. Ralph J. Anderson* and *Messrs. Campbell & Toole,* of Counsel, for Appellant, submitted a brief; *Mr. Warren Toole* argued the cause orally.

It is well-settled law in this state that a minority stockholder's action cannot be brought unless it is pleaded and proved either that the complaining minority stockholders have used all reasonable efforts to secure relief within the corporation, by making demand upon the officers to have an action brought by the corporation to correct the wrong complained of, or that it would be idle and useless by reason of the fact that the stockholders who are alleged to be guilty of wrong-

ful conduct have the corporation in their control to such extent that it would be impossible for the complaining stockholders to gain any relief from the corporation itself. This court has repeatedly held in accordance with the principles stated above. (*Brandt* v. *McIntosh*, 47 Mont. 70, 130 Pac. 413; *Allen* v. *Montana Refining Co.*, 71 Mont. 105, 227 Pac. 582; *Deschamps* v. *Loiselle*, 50 Mont. 565, 148 Pac. 335; *Moss* v. *Goodhart*, 47 Mont. 257, 131 Pac. 1071; *School Dist. No. 2* v. *Richards*, 62 Mont. 141, 205 Pac. 206.)

The decree in this case grants relief in excess of the relief that might be proper under any view of the pleadings and proof, in that it is decreed that the stock owned by the appellant Lee in the Lee Gold Mining Company should be divided pro rata among the other stockholders of the company other than the appellant Lee. Assuming for the purpose of argument that the plaintiffs were entitled to recover, manifestly, they were only entitled to recover for the damage which they suffered as a result of the alleged wrongful conduct of the appellant Lee. There was no evidence offered nor was there any pleading to permit of its offer, tending to establish the amount of this damage. Likewise there is no evidence offered nor any allegation in the pleadings tending to establish the value of the stock owned by the appellant Lee in the Lee Gold Mining Company. Therefore, there is no evidence in the record to support the finding or judgment determining that all of the stock which the appellant Lee owned in the Lee Gold Mining Company should be pro rated among the other stockholders.

An action of this kind is one brought for and on behalf of the corporation and is not to subserve any private, personal interest of the plaintiffs. It is an action brought in behalf of the corporation itself. (*Brandt* v. *McIntosh*, supra; *Allen* v. *Montana Refining Co.*, supra.) The recovery or relief granted in an action of this kind should be to the corporation or its representatives and the measure of damages or

scope of relief is the same as if the action had been brought by the corporation. (14a C. J. 164; *Hayden* v. *Perfection Cooler Co.,* 227 Mass. 589, 116 N. E. 871; *Voorhees* v. *Mason,* 245 Ill. 256, 91 N. E. 1056; *Chicago Macaroni Co.* v. *Boggiano,* 202 Ill. 312, 67 N. E. 17.) While the court may, inasmuch as cases of this kind are necessarily in equity, so frame its decree as to afford a complete remedy without injustice to or imposing burdens on any of the persons concerned, provided it does not allow remedy or grant relief for matters which have neither been pleaded nor proved. (14a C. J. 164; *Godley* v. *Crandal-Godley Co.,* 212 N. Y. 121, L. R. A. 1915D, 632, 105 N. E. 818; *Stanley* v. *Luse,* 36 Or. 25, 58 Pac. 75; *Luther* v. *C. J. Luther Co.,* 118 Wis. 112, 99 Am. St. Rep. 977, 94 N. W. 69.)

*Mr. E. F. Bunker,* for Respondents, submitted a brief and argued the cause orally.

Appellant argues that a stockholders' action cannot be brought unless it is pleaded and proven either that the complaining minority stockholders have used all reasonable efforts to secure relief within the corporation, or that it would be idle and useless, by reason of the fact that the stockholders who were alleged to be guilty of the wrongful conduct have the corporation in their control.

It is true that courts of equity refuse to listen to stockholders' complaints unless it appears that the situation of the parties is such that they cannot secure relief from the corporate authorities. (*Brandt* v. *McIntosh,* 47 Mont. 70, 130 Pac. 413.) The plaintiff stockholders must allege a demand upon the board of directors for the relief desired, and that a refusal or in lieu of such a demand and refusal show such a state of facts as discloses that the demand, if made, would have been entirely unavailing. (*Brandt* v. *McIntosh,* supra; *School Dist. No. 2* v. *Richards,* 62 Mont. 141, 205 Pac. 206.) However, the course of conduct being pursued by the wrongdoers may render an application for relief to them fruitless,

in which case no demand and refusal is necessary. (*Deschamps* v. *Loiselle,* 50 Mont. 565, 148 Pac. 335; *McConnell* v. *Combination etc. Co.,* 30 Mont. 239, 104 Am. St. Rep. 703, 76 Pac. 194; *Brandt* v. *McIntosh,* supra; *Moss* v. *Goodheart,* 47 Mont. 257, 131 Pac. 1071; *Kleinschmidt* v. *American Mining Co.,* 49 Mont. 7, 139 Pac. 785.)

The general rule of law, as well as equity, is that a stockholder cannot ordinarily sue in equity to redress wrongs done to the corporation, but in well-recognized classes of cases, upon the actual or virtual refusal of the corporation to sue, an individual stockholder may, in equity, sue on behalf of himself and other stockholders for the benefit of the corporation to redress a wrong which is primarily to the corporation. So a stockholder may sue on behalf of the corporation where, and only where, there exists as the foundation of the suit some action or threatened action—or such a fraudulent transaction, completed or contemplated, by the acting managers in connection with some other party, or among themselves, or with other stockholders, as will result in serious injury to the corporation or to the interests of other stockholders—in other words, the grounds of action are fraud, breach of trust and ultra vires acts. In the absence of fraud, breach of trust or ultra vires acts, the question of whether or not the corporations shall sue to enforce a right is to be determined by the proper corporate authorities. (14 C. J. 925–927.)

To permit an individual stockholder or stockholders to sue for the benefit of the corporation, he must show that the circumstances are such that a demand would be futile and unavailing. (14 C. J. 931, 932.) It is within the power of the court to decide in every instance upon the facts shown whether or not a request to bring a suit would have been idle ceremony, and in the exercise of this power the court is vested with considerable discretion. A demand upon the corporate authorities for redress of the grievance complained of may

be dispensed with as a condition precedent in a stockholders' suit in behalf of the corporation, where it appears that such a demand would be useless and unavailing, in that it would either be refused, or, if granted, the litigation would necessarily be under the control of the parties opposed to its success. It need not be made where the corporation is under the control of the wrongdoers, or of persons who are necessarily parties defendant. (*Berwind* v. *Canadian Pac. Ry. Co.,* 98 Fed. 158; *Moyle* v. *Landers,* 3 Cal. Unrep. 113, 21 Pac. 1133; 14 C. J. 934, and notes; *Brahn* v. *M. C. Gehl Co.,* 132 Wis. 674, 112 N. W. 1097.)

An allegation of demand on and refusal of the corporation to sue need not be made where the pleading contains other allegations which show that a request made to the corporation or its directors to bring an action would have been useless, or which otherwise shows a state of facts dispensing with this requirement. (14 C. J. 945, and notes.) The complaint clearly shows that the plaintiffs, or respondents herein, could not have secured relief from the corporate authorities for the reason that the defendant was in control of the entire property of the corporation, of all of its books, records, seals and equipment, and a demand upon him for a stockholders' meeting would have been useless and unavailing, and an application to John Lee as president of the corporation to call a meeting would have been fruitless. The complaint also sets forth and the proof is beyond question that a fraudulent transaction fully completed by the acting managers with some other party was complained of. The entire complaint went to and was an action for fraud, breach of trust, ultra vires acts and wrongful acts by defendant. Demand upon the corporation was unnecessary for the reason, as pleaded in the complaint, that the corporation was under the control of the wrongdoer, the defendant or appellant herein, and he was the principal necessary party defendant, and for the further reason that pleadings and proof con-

clusively show a corporation that has been dormant for nine years.

In none of the above cases or citations is the question of a minority and majority stockholder an issue, and in this case, although there was an allegation that Lee owned fifty per cent of the stock, it was an unnecessary allegation, and an allegation made principally to set forth his interests. Other allegations in the complaint were all that were necessary to plead the right of these plaintiffs to bring the action in behalf of the corporation.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The plaintiffs, thirteen in number, "as stockholders of Ford Creek Gold Mining Company, for the use and benefit of Ford Creek Gold Mining Company, a corporation," brought this suit against John Lee and Lee Gold Mining Company, a corporation. They alleged that on and prior to January 1, 1917, and at the date of filing the complaint, they were the owners of 158;000 shares of the stock of the Ford Creek Gold Mining Company, a Montana corporation, approximately 750,000 shares of stock of that company having been issued; that John Lee was, and on and for some time prior to January 1, 1917, and ever since that date has been a director, and the president, of the Ford Creek Gold Mining Company, and the person actually in charge of the business and operations and property of the company; that on and for some time prior to January 1, 1917, the Ford Creek Gold Mining Company was the owner of three lode mining claims in the Cone Butte Mining District, and that Lee, while a director and the president of the company, in violation of his fiduciary relation to the company and to the plaintiffs as stockholders of the corporation, and in fraud of their rights as stockholders, and, in breach of his trust as such officer and director for the use and benefit of the plaintiffs, entered into an agreement with one Lehman whereby Lehman was to relocate the

three mining claims and was to hold the same for Lee and on demand was to convey the same to Lee or such person or persons as Lee should designate; and that on January 1, 1917, Lehman, pursuant to the agreement, did relocate the mining claims and thereafter through one Anderson as an intermediary conveyed them to Lee, who conveyed them to the Lee Gold Mining Company. It is charged that Lee thus became the involuntary trustee for the benefit of the Ford Creek Gold Mining Company and its stockholders who owned stock in the company on January 1, 1917; that the stock register, books and all records, seals and office equipment of the Ford Creek Gold Mining Company were in the possession and under the control of Lee, and plaintiffs have no means of inspecting or securing control of the books; that Lee as president of the company has failed, neglected and refused to call a meeting of the stockholders of the corporation since the first day of January, 1917; that Lee was the owner "of shares of stock exceeding fifty per cent of the said stock issued on the corporation's books and that a stockholders' meeting wherein a demand was made that this action be brought, would be futile, useless and unavailing." Plaintiffs then allege that they did not learn of the fraud and deceit of the defendant Lee until the summer of 1925. They ask for a decree adjudging that Lee secured the entire capital stock of the Lee Gold Mining Company by fraud, and in violation of his fiduciary relation to the plaintiffs, and of his position of trust as a director and the president of the Ford Creek Gold Mining Company; that he is the involuntary trustee for the use and benefit of the stockholders of the Ford Creek Gold Mining Company of all the stock of the Lee Gold Mining Company standing in his name; that the Lee Gold Mining Company be ordered to cancel the certificates of stock standing in the name of Lee and to issue in lieu thereof certificates of stock to stockholders of the Ford Creek Gold Mining Company as their interests may appear.

A demurrer interposed to the complaint by the defendants was overruled by consent of counsel and twenty days allowed for answer. The defendant Lee alone answered.

By reason of the result at which we are constrained to arrive it is unnecessary to narrate the subsequent pleadings of the parties, except to say that Lee denied the allegations which constitute the gravamen of plaintiffs' cause of action. The district court rendered judgment for plaintiffs, and defendant appealed.

In this jurisdiction it is settled law that stockholders may [1] not sue on behalf of the corporation "until they have applied to the officers and directors for relief and have been answered by a refusal, or the course of conduct being pursued by the latter is such as would render an application for relief fruitless." (*Deschamps* v. *Loiselle,* 50 Mont. 565, 148 Pac. 335.)

In *Brandt* v. *McIntosh,* 47 Mont. 70, 130 Pac. 413, the court said that before minority stockholders may prosecute a suit founded on a right of action existing in the corporation itself they must allege that a demand has been made upon the board of directors or other governing body of the corporation for the relief they seek, or in lieu of a demand and refusal they must show a state of facts disclosing that the demand if made would have been entirely unavailing. In accord with these two cases are *McConnell* v. *Combination M. & M. Co.,* 30 Mont. 239, 104 Am. St. Rep. 703, 76 Pac. 194; *Moss* v. *Goodhart,* 47 Mont. 257, 131 Pac. 1071; *Kleinschmidt* v. *American Mining Co.,* 49 Mont. 7, 139 Pac. 785; *Allen* v. *Montana Refining Co.,* 71 Mont. 105, 227 Pac. 582.

The governing body of private corporations in this state is the board of directors. (Sec. 5933, Rev. Codes 1921; *Deschamps* v. *Loiselle,* supra.) The number of directors must not be less than three nor more than thirteen. (Sec. 5905, Id.)

Presuming that the plaintiffs have stated their cause of action as favorably as they could we must conclude that they did not apply for redress to the directors who were in office immediately prior to the time this action was commenced. It

is not asserted that there were not any directors in addition to the defendant Lee. In the absence of an allegation to that effect it must be presumed there were other directors. It is not alleged that the other directors, had they been requested to do so, would not have acted conformably to plaintiff's desires. It is not asserted that the other directors were controlled by Lee, the president of the corporation. (*Kleinschmidt* v. *American Mining Co.,* supra.) Indeed, there is an entire absence of any allegation respecting a board of directors. The allegation that Lee was the person actually in charge of the business and operations and property of the company will not suffice. The president was subject to the control of the board of directors. If, demand being made, he refused to begin suit, a majority of the board could have ordered the suit begun.

Neglect or misconduct on part of the president of the board [2–4] is not sufficient to relieve plaintiffs from the necessity of demanding that a suit be brought in the name of the corporation. (*Brandt* v. *McIntosh,* supra.) Before stockholders can go into court they must first exhaust their remedy within the corporation itself. If they hold a majority of the stock, they may control the election of directors (sec. 5937, Rev. Codes 1921), or, if they hold two-thirds of the stock, they may remove an objectionable director, having caused to be called a meeting for that purpose. (Sec. 5940, Id.; *Brandt* v. *McIntosh,* supra.)

The court will not do for stockholders that which they may do for themselves. (*Allen* v. *Montana Refining Co.,* supra.) A minority stockholder must make an earnest effort with the managing body of the corporation to induce remedial action on their part, and this must appear to the court. "If time permits or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body, in the matter of which he complains. And he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it." (*Hawes* v. *Oakland,* 104 U. S. 450, 26 L. Ed. 827.)

While not essential to this decision we may say that the evidence tends to show that during 1916 two of the plaintiffs,

Alphonso Jackman and E. K. Cheadle were directors, and that there was not a stockholders' meeting after that year. If there were but three directors, Jackman and Cheadle were a majority of the board. If so, they could have called a meeting of the board (sec. 5944, Rev. Codes 1921) and have taken the requisite action.

That the defendant Lee did not control the board is made to appear from his testimony in which he relates that at the last meeting of the board all the other directors voted against him.

The evidence fails to sustain the allegation respecting Lee's ownership of over fifty per cent of the stock of the company. On the contrary the books disclose that after March 3, 1915, Lee held 266,465 shares and no more. There were a great many stockholders.

The plaintiffs, as stockholders, had the right to inspect the books of the corporation (secs. 6008, 6009, Rev. Codes 1921), and while they alleged that they had "no means of inspecting or securing the control of said books," no proof was offered to sustain the allegation. It would seem that they were not hindered by lack of time, and no reason appears why they did not demand the right to inspect them. Indeed, upon a proper showing, the remedy of mandamus was available to them. (14 C. J. 862.)

The plaintiffs have failed, both as to pleading and proof. The action cannot be maintained. The law being as it is, the judgment must be reversed and the cause remanded to the district court of Fergus county, with direction to dismiss the action, and it is so ordered.

*Reversed, with direction to dismiss.*

ASSOCIATE JUSTICES MYERS, STARK, MATTHEWS and GALEN concur.