HAMILL, et al, Respondents, v. GREAT NORTHERN COPPER CO., Appellant.

(235 N. W. 607.)

(File No. 6922. Opinion filed March 23, 1931.)

*F. P. Matz,* of Huron, for Appellant.

*Dick Haney* and *Geo. E .Longstaff,* both of Huron, for Respondents.

CAMPBELL, J.   The Great Northern Copper Company was incorporated under the laws of the state of South Dakota in 1917 with a domiciliary office in Huron, S. D., at the office of the Philip Lawrence Incorporating Bureau.   The home office of the corporation, however, and its principal business office is at Pittsburgh, Pa. The chief business of the corporation is the ownership and operation of a copper mining property on Twillingate Island in Notre Dame Bay off the northeast coast of Newfoundland.

In August, 1924, plaintiffs Hamill and Perkins instituted an action against the corporation in the circuit court for Beadle county, S. D., by service of summons on one Johns, resident agent for the corporation in South Dakota, seeking to recover the sum of $18,470.93 upon money demand, the claim being that said plaintiffs had loaned and advanced to said corporation the sum of $19,749.89, upon which the corporation was entitled to a credit of $1,278.96 and no more.

The resident agent Johns forwarded the summons to the president of the corporation at its office in Pittsburgh, and receipt thereof was acknowledged.   No appearance in the action was made by the corporation, however, and on September 26, 1924, default judgment was entered against the corporation as prayed for in the complaint.

Thereafter one Hodder, a stockholder and creditor of the corporation, applied, in the name of the corporation, to the circuit court of Beadle county, S. D., to vacate and set aside the said judgment in the case of Hamill and Perkins v. Great Northern Copper Company, and permit the corporation to answer and defend. From an order denying said application to vacate the judgment, an appeal was taken to this court, and the order of the trial court was sustained upon the theory that Hodder had not shown himself entitled in any manner to represent the corporation as such in seeking to have said default judgment vacated.   The opinion of this court is reported under the title of Hamill v. Great Northern Copper

Co., 52 S. D. 271, 217 N. W. 195, 196, and in that opinion this court said: "Counsel has mistaken his remedy by confusing his client with the defendant. The order appealed from must be affirmed, but in thus holding we express no opinion as to what might have been the result if Hodder had applied, before judgment, to intervene and defend, nor as to the power of any court of general equity jurisdiction to vacate the judgment in an action in equity to protect the rights of stockholders and creditors against fraudulent acts of appellant's officers."

Thereafter James L. Alexander and a large number of others with him, stockholders of the Great Northern Copper Company, instituted an action in equity in the circuit court of Beadle county, S. D., against Hamill and Perkins and the Great Northern Copper Company, alleging that the default judgment in favor of Hamill and Perkins and against the Great Northern Copper Company had been procured by collusion and fraud and seeking to have said judgment vacated and set aside, and asking that plaintiff stockholders be given leave thereupon to answer and defend in the case of Hamill and Perkins against the Great Northern Copper Company. As a result of that action, by judgment and decree of May 24, 1927, the default judgment in favor of Hamill and Perkins against the Great Northern Copper Company was vacated and opened up (with provision, however, that the judgment remain of record as a matter of security and protection to plaintiffs if a similar judgment should subsequently be entered in their favor), and Alexander and others, the plaintiffs in the equity case, were given leave to appear in said action of Hamill and Perkins against the Great Northern Copper Company and defend said action for and on behalf of said corporation defendant.

Thereupon Alexander and the other stockholders joined with him did appear and interposed an answer in the case of Hamill and Perkins against the Great Northern Copper Company. Issue was thereupon joined, and the matter was tried to the court below without a jury, and findings of fact, conclusions of law, and judgment were in favor of the plaintiffs, Hamill and Perkins and against the defendant Great Northern Copper Company, a corporation, whose defense was interposed by the stockholders Alexander and others, and the original default judgment in favor of Hamill and Perkins and against the corporation was in substance reinstated.

From that judgment and from an order denying its application for a new trial the defendant Great Northern Copper Company, a corporation (represented on the appeal, as in the action below, by the stockholders Alexander and others, pursuant to the judgment of the court granting such leave in the case of Alexander and others against Hamill and others), has now appealed.

There is a considerable amount of confusion in the record, long and complicated transactions are involved, and a vast amount of internal strife and dissension in connection with corporate affairs and operation appears.

In the final analysis the vital question is probably whether or not the money paid to the corporation by Hamill and Perkins represents loans and advances for which they are entitled to repayment, or whether it represents proceeds or partial proceeds of corporate stock sold by Hamill and Perkins as attorneys in fact of the corporation, for the selling of which they were duly paid, and to the return of which they have no right.

One of the grounds assigned for the granting of a new trial is newly discovered evidence material to the issues which could not with reasonable diligence have been discovered and used at the trial.

The materiality of the newly discovered evidence is beyond question. Perkins, one of the plaintiffs and respondents, appeared in person at the trial of the case below and testified therein. His testimony had to do with a large number of transactions with persons in Pittsburgh and vicinity and in Newfoundland. The affidavit of appellant's attorney, with reference to diligence as submitted on the motion for new trial and on this appeal, recites in part as follows:

"That affiant has never personally met any of the stock-holders defending in the above entitled action, with the exception of one Obadiah Hodder; and that practically all the information, affiant ever had to in anywise be pertinent or material to the above entitled action, was such matter contained in the various depositions presented to this Court in the above entitled action, as well as divers actions in the above Court having to do indirectly, with some of the matters presented in the above entitled action.

"That when the above entitled action was reached for trial, this affiant was compelled to rely entirely on depositions in present-

ing the defense; such depositions having been taken and used in former actions, particularly the case of J. B. Alexander et al. v. J. L. Hamill et al. * * *

"That prior to the trial of the above entitled action, this affiant used due diligence in attempting to gather all the possible and available evidence for presentation at the trial; but that by reason of the great distance between the parties, and all the unusual factors disclosed by the record in this case it was physically impossible to obtain this evidence as particularly shown by the various letters, receipts, etc., in the handwriting of M. T. Perkins."

The difficulties of preparing to defend an action in South Dakota when all the fact transactions involved occurred between persons either in Pennsylvania or Newfoundland are quite manifest.

Where a proceeding is undertaken in the fashion that was attempted by respondents in this case, and where South Dakota is undertaken to be made the forum for the adjudication of rights connected with transactions in Pennsylvania and Newfoundland, we think justice requires that every opportunity be extended, within reason, to present all the facts and circumstances fully to the court before the entry of judgment, and we are of the opinion, under the peculiar and unusual circumstances surrounding this case, that the trial judge abused his discretion in denying a new trial. We think the showing was sufficient to authorize and require the granting of a new trial upon the ground of newly discovered evidence.

Inasmuch as the case must be retried, we find it unnecessary to discuss at this time other assignments of error.

The judgment and order appealed from are reversed.

POLLEY, P. J., and ROBERTS and WARREN, JJ., concur.