HAMILL et al, Respondents, v. GREAT NORTHERN COPPER COMPANY, Appellant.

(217 N. W. 195.)

(File No. 6082. Opinion filed December 31, 1927.)

*F. P. Matz,* of Huron, for Appellant.
*Dick Haney,* of Huron, for Respondents.

BURCH, J. Respondents Hamill & Perkins are partners doing business at Pittsburg, Pa. Appellant, the Great Northern Copper Company, is a corporation organized under the laws of South Dakota, but its principal place of business is in Pittsburg, Pa. On August 14, 1924, respondents commenced an action against appellant by service of a summons on W. A. Johns, resident agent at Huron, S. D., to recover on account, $18,470.93. Johns forwarded the summons to A. E. Roose, president of the corporation, at Pittsburg, who acknowledged the receipt thereof on September 2, 1924. On the 26th day of September, 1924, default judgment was entered against the corporation for $18,631.21, including interest and costs. Neither the corporation itself nor any officer thereof complains of the judgment or the proceedings in obtaining it, but Obadiah Hodder, a stockholder and creditor of the corporation, employed an attorney to represent his interests, and his said attorney, claiming to represent the corporation, moved the court, under section 2378, R. C. 1919, in the name of the corporation, to vacate and set aside the judgment and allow the corporation to

answer and defend. The motion was denied, and, from the order denying the motion, defendant appealed.

The motion was brought on by order to show cause, supported by the affidavit of Hodder, in which he says he is a British subject and citizen of Newfoundland residing in Twillingate, and at the present time has his principal place of business and office in Pittsburg, Pa.; that he is the owner of one-third of the capital stock, and is a large creditor of the defendant corporation; that the present officers and directors have used their official position to acquire control of the affairs of defendant and have conspired with plaintiffs to allow them to take judgment against the corporation for $18,631.28, without lawful claim therefor, in fraud of stockholders and creditors.

In this opinion we do not attempt to set out the many allegations of fraud and collusion set forth in Hodder's affidavit, as such facts are not material to the decision in this proceeding. The fraud alleged was perpetrated, if at all, against Hodder and others as stockholders and creditors of the corporation by the officers of the corporation in collusion with plaintiffs. Hodder is not a party to this suit, and he has taken no steps to become a party, nor are the officers of the corporation parties. Instead of commencing an action in equity, with all necessary parties before the court, to vacate the judgment for the relief of Hodder and other stockholders and creditors claiming to have been defrauded thereby, counsel asks the court to vacate the judgment in the name of the corporation, although his showing discloses that he has no authority to appear for the corporation.

He contends that this proceeding is authorized by section 2378, R. C. 1919. The portion of that section relied upon provides that the court may "relieve a party from a judgment * * * taken against him through his mistake, inadvertence, surprise or excusable neglect," and counsel says "certainly in this instance there is sufficient showing * * * that there was fraud, collusion, mistake, inadvertence, surprise, or excusable neglect." There is no showing of mistake, surprise, or excusable neglect of the corporation, and the showing as to fraud and collusion pertains to fraud practiced upon Hodder, not the defendant or the court.

Counsel has mistaken his remedy by confusing his client with the defendant. The order appealed from must be affirmed, but in

thus holding we express no opinion as to what might have been the result if Hodder had applied, before judgment, to intervene and defend, nor as to the power of any court of general equity jurisdiction to vacate the judgment in an action in equity to protect the rights of stockholders and creditors against fraudulent acts of appellant's officers.

The order appealed from is affirmed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.