SULLIVAN, Respondant, *v.* MOUNTAIN, Appellant

No. 8443

Submitted February 9, 1945. Decided April 5, 1945.

160 Pac. (2d) 477

Mr. F. F. Haynes, of Forsyth, Messrs. Hall and Alexander, of Great Falls, and Mr. L. P. Donovan, of Shelby, for the appellant.

Mr. E. J. McCabe, of Great Falls, Mr. Cedor B. Aronow, of Shelby, and Mr. E. E. Sweitzer, of Conrad, for the respondent.

GUY C. DERRY, District Judge (sitting in place of Mr. Justice Cheadle, disqualified).

This case is before the Court on the appeal of the defendant, R. D. Mountain, from a judgment entered against him in the District Court for Toole county. The case was tried by the court without a jury. Plaintiff was a stockholder in The First State Bank of Shelby, and brought this action for the benefit of the bank, upon the failure of the bank to bring the action. Briefly stated, the facts which are the basis of the action and the judgment of the court, are as follows:

One Arthur Haeh went to The First State Bank of Shelby in order to negotiate a loan in the sum of $60,000. He consulted R. D. Mountain, defendant herein, who was then the president and the official in charge of the bank. Defendant informed Haeh that the bank was limited to loans of $10,000 and could not make the desired loan, but that he had a connection with the Union Bank & Trust Company of Helena, and that he would take the matter up with them. At the time of the interview with the defendant, according to the testimony of Mr. Haeh, in response to a question as to whether any statement was made

by defendant relative to a charge for obtaining this loan, Mr. Mountain said, ''Well, he said there wasn't very much in it for them in dealing through the Union Bank & Trust Company, and it was customary to make a small charge in floating these loans.'' The defendant said the commission charged was 7% of the loan, but did not state that he was making the charge for himself. After the loan was negotiated Mr. Haeh gave his note for $4200 in payment of the commission, to the defendant in his individual capacity, and the note was afterwards discounted by the defendant with a Great Falls Bank, and there paid by Haeh. The note made to the Union Bank & Trust Company for $60,000 was dated April 25, 1940. In a letter and report by the representative of that bank, dated April 24, 1940, addressed and directed to the defendant as president of The First State Bank of Shelby. and found in the files of the latter bank, it was stated that The First State Bank of Shelby ''will participate in the loan to the extent of $5,000.00.'' The letter and report were part of the original files of The First State Bank of Shelby, and had reference only to the loan in question, and the presumption is that such information was received by the Helena bank in due course of business. During this period the Union Bank was a depository of the Shelby bank, and there was a substantial balance in their account. The letter advises that they enclose a short report of the Haeh loan ''for your files.'' At the time the loan was made, defendant was receiving a substantial salary as president of the Shelby bank. Under the by-laws he was entrusted with the general management of the business. The negotiations leading to the original loan for which the commission was paid were had by Haeh and the defendant in the place of business of The First State Bank, and during banking hours. It may be inferred from the testimony that all of the time spent by defendant in negotiating the loan was during the time of his employment by the bank. Defendant testified that he had negotiated the loan in question as his own private act, and outside of the business of the bank. The trial court found, how-

ever, that the evidence established that the defendant performed the services which resulted in the payment of the commission, in the course of the duties of his employment, and should have been for the benefit of the bank, and that the bank was entitled to receive any money made out of the transaction. We believe the evidence is sufficient to justify the finding of the court. The fact that the loan was negotiated at the bank, with the president thereof, and during banking hours, with time, contacts and facilities provided by the bank, together with the evident previous commitment of the bank to participate in the loan to the extent of $5,000, coupled with the statement made to the borrower in respect to the commission paid, and added to the fact the transaction was treated by the Union Bank & Trust Company as being with the Shelby bank, and not defendant, justify the inference that the work was done and the commission acquired by virtue of his employment. Section 7778, R. C. M., 1935, is applicable: "What belongs to employer. Everything which an employee acquires by virtue of his employment, except the compensation, if any, which is due to him from his employer, belongs to the latter, whether acquired lawfully or unlawfully, or during or after the expiration of the term of his employment." The general rule respecting transactions such as this is given by the editor of Corpus Juris Secundum in this language: "The officers of a bank are not permitted to make an individual profit aside from salary or interest as stockholders by reason of transactions pertaining to the business of the bank; the bank may avoid such transactions and may hold the officer liable for any profits so made." 9 C. J. S., Banks and Banking, 121 p. 243. This court has endorsed this principle in several cases: Coombs v. Barker, 31 Mont. 526, 79 Pac. 1; Duffy v. Hastings, 78 Mont. 22, 252 Pac. 316; Golden Rod Min. Co., v. Bukvich et al., 108 Mont. 569, 92 Pac. (2d) 316.

Appellant urges that the plaintiff has no right to prosecute this action because the respondent was permitted to act as plaintiff only when and if he had, as a minority stock-

holder, exhausted all means at his disposal, within the corporation, to induce the directors of the bank to commence the suit upon that cause of action, and that he had not met this requirement. The rule is well established in this jurisdiction that before a minority stockholder can be heard to prosecute a suit founded on a right of action existing in the corporation itself, he must allege that a demand had been made upon the board of directors for relief from the grievance of which he complains, or that such demand has been met by a refusal. However, it is equally well established that in lieu of such demand and refusal, he may show such a state of facts as disclose that the demand, if made, would have been entirely unavailing. Brandt et al. v. McIntosh, 47 Mont. 70, 130 Pac. 413; Cobb et al. v. Lee, 80 Mont. 328, 260 Pac. 722. This court has uniformly held that the above requirement is met, either where it reasonably appears that it would be useless to seek aid from the stockholders or where a course of conduct is being pursued by the corporation, such as would render an application for relief fruitless. Allen v. Montana Refining Co., 71 Mont. 105, 227 Pac. 582; Cobb et al. v. Lee, supra; Deschamps v. Loiselle, 50 Mont. 565, 148 Pac. 335. Plaintiff testified that he received the information relative to the payment of the commission, which is the subject of this action, in the Spring of 1940, and after that took the matter up with the board of directors of The First State Bank of Shelby, on two occasions; that he asked the board of directors to make a demand on Mr. Mountain for the return of the money. He also presented a resolution to the board at a meeting held on February 4, 1941, which the bank records show, reads as follows:

"The following resolution was introduced by Doctor Sullivan:

"'I move that the officers of the Bank be instructed to make the demand upon R. D. Mountain to return to the bank the sum of Forty-two Hundred Dollars ($4200.00) allegedly received by him as the commission from Arthur E. Haeh for loan made by Mr. Mountain to him, from the bank.'"

The minutes of the board show that there was some discussion, and that the then president of the bank informed the board that no loans had been made directly by the bank to Mr. Haeh, but that the loan in question has been made by the Union Bank & Trust Company, and the bank had purchased a participating interest therein. On a vote, two votes were cast for the resolution, and three against.

Doctor Sullivan testified that during the year 1941 he orally requested the board to bring an action against Mr. Mountain in connection with this commission, and that no action was taken.

From the complaint it is made to appear, and the court found, that the Shelby bank had a valid claim against the defendant for failure to pay to the bank the money received as a commission from Haeh. The facts constituting this claim had been brought to the attention of the several Boards of Directors of the bank by the plaintiff, and it had then become the duty of the Board of Directors to take the necessary steps to obtain redress. Since in the instant case the last sitting Board of Directors took no action, and gave no reason for refusing to do so, we believe the trial court was fully justified in finding that the showing made was sufficient to lay a foundation for the bringing of this action by Doctor Sullivan, as a stockholder. The proof shows that each Board of Directors holding office prior to the bringing of this action, had full knowledge of the transaction, or at least that is the only legitimate inference that can be drawn from the evidence. Pleading and proof of facts showing a breach of official duty on the part of the Directors is sufficient to warrant relief in a case of this kind. Coombs v. Barker, 31 Mont. 526, 553, 79 Pac. 1; 18 C. J. S., Corporations, sec. 564, pp. 1280, 1283.

Appellant contends that there is no cause of action on the part of the bank, against the appellant. He insists that since the bank was prohibited from making a loan to any one individual of more than ten thousand dollars, by virtue of the provisions of section 6014.48, Revised Codes, the bank

could not have, in any event, made the loan or profited by the same. It is obvious that no such meaning can be given to that statute.

No case has been called to our attention nor have we been able to find one, which would prohibit the bank in question from acting as the agent for a customer in securing a loan from another bank and receiving payment from the customer for such services.

It should be noted that the commission paid, when applied to the full period of the loan, did not create a total charge for the use of the money borrowed, in excess of the maximum interest rate established by law. Hence if we treat the commission as interest, a point which we do not decide, it would not affect the result in this case.

Appellant urges that under section 6014.45, Revised Codes, █ the bank was prohibited by law from charging any such commission, but a reading of the statute shows that it is clear that the statute has no reference to a bank acting as agent in securing loans for a client, from another banking institution, but rather, is limited by its terms to the case of an officer receiving a commission for procuring a loan from the bank with which the officer is connected.

In the trial court, judgment was entered against defendants █ for costs. In addition, an allowance of $600 was made for attorney fees, the latter to be paid from this judgment, but not assessed as costs. Appellant contends that the costs are chargeable against the trust and not against defendant as an individual, on the theory that the bank has been enriched by the result of the action, and plaintiff is entitled to reimbursement from the bank for his costs and attorney fees. As to attorney fees, this is undoubtedly true, since they cannot be recovered from defendant in the action, but if the bank has been wronged by defendant's act in appropriating the commission, as the trial court found, no reason can be advanced to compel it to pay costs of an action to secure its rights, even if such action is derivative in nature.

The prevailing party is, prima facie, entitled to costs. Sec. 9787-9789, Rev. Codes; Albrecht v. Albrecht, 83 Mont. 37, 269 Pac. 158. The district court had authority to give judgment for costs, and the record does not show any facts which show any abuse of discretion.

Appellant assigns as error, the denying of his motion for a new trial. The motion was based on the contention that it was shown that plaintiff, after the trial of the action, but before the decision of the court, had sold all his stock in the bank and thereby lost all right to prosecute this action further. It may well be questioned whether such a fact, if found to exist, would be a ground for a new trial. Statutory grounds for a new trial do not seem to include any ground which would not have a bearing on trial procedure at the original trial, and applying to facts then in existence. Sec. 9397, Rev. Codes. This being a case tried by the court without a jury, the grounds for new trial are limited. Sec. 9396, Rev. Codes. However, we have a statute which controls the situation here. Section 9086, Revised Codes, provides that in case of any transfer of interest, the action may be continued in the name of the original party. This section has been construed by this court. Osborne v. McDonald, 91 Mont. 83, 5 Pac. (2d) 568.

Appellant contends that since this is a derivative action, section 9086 has no application, but we fail to see, either in principle, equity or by logic, where there should be any different rule applied in such an action. See Manix v. Fantl, 209 App. Div. 756, 205 N. Y. S. 174. Such construction would mean the accomplishment by indirection of what might not be attained directly. It should be noted that while this action is brought by plaintiff as a stockholder, it is in reality on behalf of the bank, which continued in existence. The bank has not raised the question of the right to continue the action. See McConnell v. Combination Min. & Mill. Co., 30 Mont. 239, 76 Pac. 194, 104 Am. St. Rep. 703.

We find no error in the rulings of the trial court.

The judgment is affirmed.

232

Mr. Chief Justice Johnson and Associate Justices Adair and Angstman concur.

Petition for rehearing denied June 30th, 1945.