WILLARD MALCOM AND EVELYN MALCOM, HUSBAND AND WIFE, PLAINTIFFS AND APPELLANTS, v. STONDALL LAND AND INVESTMENT COMPANY, A CORPORATION, DEFENDANTS, AND ALICE M. STONDALL, HELEN B. STONDALL AND MRS. ROBERT J. HOGAN, INTERVENORS AND RESPONDENTS.

No. 9283.
Submitted March 9, 1955. Decided May 31, 1955.
284 Pac. (2d) 258.

Leavitt & Lucas, Miles City, Hansen, Jones & Culver, Baker, Al Hansen, Baker, for appellants.

O'Neil & Cavanaugh, Desmond J. O'Neil, Glendive, Thomas J. Cavanaugh, Glendive, for respondents.

Mr. Hansen, Mr. O'Neill and Mr. Cavanaugh argued orally.

MR. JUSTICE DAVIS:

Appeal from an order of the district court for Fallon County,

which set aside a judgment by default and permitted an answer upon the merits.

The pertinent facts are few. The plaintiffs (appellants here) commenced an action under R.C.M. 1947, section 93-6203 et seq., to quiet their title to certain described lands against Stondall Land and Investment Company, a corporation of the State of Minnesota, joining also as defendants all persons "unknown claiming or who might claim any right, title, estate or interest" adverse to the plaintiff's ownership, etc.

Personal service of summons was had pursuant to R.C.M. 1947, section 93-3008 et seq., as amended, upon the named corporate defendant, which had previously qualified to do business in Montana. Service by publication upon all defendants as required by statute then followed. It nowhere appears that the corporation itself did not receive the copies of the summons and complaint which the record shows were mailed it.

On December 14, 1951, a judgment by default was entered, quieting the plaintiffs' title and adjudging particularly that they were the "owners absolute and in fee simple of all of the minerals in and under the premises" described.

The integrity and regularity of these proceedings are not challenged.

But subsequently the respondents appeared and moved under R.C.M. 1947, section 93-3905, to set aside this judgment because of their excusable neglect, etc. In support of their motion as amended there were filed two amended affidavits, the one by their attorney, the other by a third person, one Sessions, who "was interested in purchasing an oil and gas lease on certain properties in Fallon County, Montana," as he describes himself. This motion and these affidavits recited that the respondents were the sole heirs at law of one Albert M. Stondall, the president and sole stockholder at the time of his death of Stondall Land and Investment Company, and had accordingly succeeded to all his interests in said corporation, that they did not have actual notice of the action in time to make a defense, but had acted promptly thereafter to set aside the default decree rendered

against the corporation, and that they had a *prima facie* defense, etc. No affidavit or other evidence given by the respondents personally appears in the record.

With their motion the respondents tendered for filing a proposed amended answer and cross complaint made ''for themselves and as the sole stockholders of said Company'', in which they alleged *inter alia,*

''* * * that the said Stondall Land and Investment Company ever since the 3rd day of November, A.D. 1919, has been and now is vested with the absolute title to all of the coal, iron, oil and natural gas and asphalt in and under the lands described herein * * *''

Thereon they prayed a decree, adjudging that these mineral interests are ''owned absolutely by the defendant, Stondall Land and Investment Company,'' and that the title of that defendant thereto accordingly be quieted.

This motion the lower court granted, thereby vacating the judgment or decree of December 14, 1951, against the corporation.

From that order the plaintiffs have taken this appeal.

Of the several questions raised or suggested and argued by counsel we find one which in our view is decisive of this controversy. It is therefore unnecessary for us to discuss any other.

That question is: May the respondents who variously describe themselves as (1) the sole stockholders, and (2) the heirs at law and successors to the interests of the sole stockholder of the defendant corporation appear in their own names and upon their own motion vacate the judgment against their corporation, thereafter answer to the merits in their own names but for the corporation, and thereupon in their own names prosecute the corporation's cause of action to quiet its title to the minerals in issue?

Upon the showing made we conclude they may not.

The short answer to the question put is that as a general rule stockholders may not sue upon a cause of action belonging to their corporation whether in their own names or in the name

of the corporation itself. Nor generally may they defend for it an action brought against the corporation as defendant.

The point has not been heretofore presented to this court by the sole or majority stockholders of a corporation.

But this court has repeatedly reached this conclusion where a minority stockholder has sought to sue for the corporation. Noble v. Farmers Union Trading Co., 123 Mont. 518, 216 Pac. (2d) 925; Cobb v. Lee, 80 Mont. 328, 260 Pac. 722; Allen v. Montana Refining Co., 71 Mont. 105, 121, 122, 123, 227 Pac. 582; Deschamps v. Loiselle, 50 Mont. 565, 573, 148 Pac. 335; Brandt v. McIntosh, 47 Mont. 70, 73, 74, 130 Pac. 413. See also 18 C.J.S., Corporations, section 559, pages 1272 et seq., section 560, page 1276; 14 C.J., Corporations, section 1444, pages 924 et seq., section 1447, pages 929 et seq.; 13 Am. Jur., Corporations, sections 461, 462, pages 504 et seq. The exceptions to this rule are as well defined as the rule itself. They are noted in the citations above, particularly in Noble v. Farmers Union Trading Co., supra, 123 Mont. at page 529 et seq., 216 Pac. (2d) 925. But none of these exceptions fits the respondents' case, primarily because they are not minority stockholders. Taken at their word they are either the sole or majority stockholders of Stondall Land and Investment Company, or what is the same thing the heirs at law and successors to the interests of the sole or majority stockholder of that corporation. In either case they control the corporation.

And for this reason no decision which we have found in this or any other court of last resort where the common law obtains permits them to sue or defend for the corporation. The corporation itself must in such circumstances appear and plead; or there may be neither suit nor defense for it.

The underlying reason is, of course, that because the majority stockholders control the corporate machinery, they necessarily control the corporation and through its officers and directors the defense and the prosecution of any litigation involving the corporation. The sole or majority stockholders then have no need to resort to the indirection of a stockholders' suit by

grace of a court of equity to protect the corporate interests. Equity will deny them any such relief, if asked, because their remedy within the corporation is adequate.

To turn specifically to the case in hand, we take judicial notice from the statutes of the State of Minnesota, R.C.M. 1947, section 93-501-2, where this corporation is domiciled, (1) that as stockholders the respondents may elect a board of directors who will be entirely responsive to their wishes in any corporate matter, (2) that if they choose, they may elect themselves directors and so manage their corporation in person, 2 Minn. Stat. 1949, Chap. 301, section 301.28, M.S.A., (3) that they may remove the entire board of directors, or any individual director by a majority vote with or without cause, 2 Minn. Stat. 1949, Chap. 301, section 301.29, M.S.A., (4) that by their own board of directors so chosen they may dictate the choice of the corporate officers, 2 Minn. Stat. 1949, Chap. 301, section 301.30, M.S.A., and (5) that they may thus effectively chart the course of this litigation by the corporation itself through the corporate officers and in the corporate name as the real party in interest and as R.C.M. 1947, section 93-2801, requires.

It follows that the respondents have no standing in a Montana court to sue for the corporation upon its cause of action pleaded in the proposed cross complaint at bar, or to defend for the corporation against the plaintiffs' suit as is the proposed answer. Brandt v. McIntosh, supra, 47 Mont. at page 73, 130 Pac. 413; Cobb v. Lee supra, 80 Mont., at page 337, 260 Pac. 722; Noble v. Farmers Union Trading Co., supra, 123 Mont. at page 534, 535, 216 Pac. (2d) 925; Allen v. Montana Refining Co., supra, 71 Mont. at page 122, 227 Pac. 582.

Stated otherwise, the respondents may not assert in this suit the corporation's cause of action or defense, because unlike the minority stockholder who sued and was sustained in Sullivan v. Mountain, 117 Mont. 224, 160 Pac. (2d) 477, they cannot truthfully allege that the corporate officers and directors, whom they elect, control and may summarily remove, would not sue and defend in the name of the corporation and for it,

if the respondents demanded that they do so. It is equally certain that they did not, because they could not, allege that such a demand made was refused.

Fundamentally they cannot make the required showing, because as the sole stockholders of the defendant corporation they dictate corporate action, which wholly distinguishes their case from that of the minority stockholder in Sullivan v. Mountain, supra. There equity did for him what he could not do for himself. Here equity will not do for the respondents what they clearly can do for themselves.

And if they may neither sue nor defend here for Stondall Land and Investment Company, it follows that they may not move to vacate this judgment against it, even though they had sought to do so in the corporation's name. Hamill v. Great Northern Copper Co., 52 S.D. 271, 217 N.W. 195, decided under a statute substantially identical with section 93-3905, supra.

To sustain this conclusion further we need not resort to the opinions of other courts written in like cases. The decisions of this court suffice, for they are directly in point and therefore controlling. Compare Holt v. Sather, 81 Mont. 442, 445, 446, 264 Pac. 108. Nevertheless we find our view in accord with the precedents elsewhere. To the authorities noted heretofore we add Fletcher, Cyclopedia of the Law of Private Corporations (Perm. Ed.), Vol. 13, Chap. 58, section 5945 et seq., pages 301 et seq.

Some argument is made by counsel that the respondents ▮ should be admitted to defend in this action as unknown persons summoned under our statutes, section 93-6203 et seq., or as possible successors to the corporation's title upon the expiration of the corporate life, i.e., by force of R.C.M. 1947, section 15-1102.

Moreover the dissent in this case views the record from this premise. There it is argued the respondents are not yet stockholders, but at best are only the heirs or next of kin of stockholders to whom distribution of their ancestor's estate has not yet been made, but who have acted here to protect their potential

interest in the corporation. As we read the moving papers the short answer to this suggestion is that no such facts appear in the record.

Heretofore we have taken the respondents at their word that they are stockholders. But if we are mistaken in our appraisal of that record, our further answer to this argument is that the respondents' case is then weaker than we had thought. For whatever may be said of the right of a stockholder to sue in this case, there is certainly no rule of law which in any case permits an action or defense for the corporation to be maintained by one who is neither an officer nor a stockholder however bright his prospects may be that some day he may become a member of the corporate family. If distribution has not been made to the respondents of the stock owned by Albert M. Stondall in his lifetime, the personal representative of his estate is then the "stockholder"; and these respondents are utter strangers to both the corporation and this record.

In such circumstances there is no precedent which permits them to represent the corporation in litigation involving corporate interests only, solely because they anticipate becoming the distributees of stock presently held by the estate of a deceased stockholder. And our attention has been directed to no case which supports a suit or defense by a stranger under any such circumstances.

It is equally futile as we read the record before us to speculate that the corporate life of Stondall Land and Investment Company has expired, and that therefore there is vested in the respondents a present interest or title to what was corporate property. All the facts set out in the motion, the affidavits, and the proposed answer and cross complaint of the respondents are to the contrary. An absolute title in the corporation alone is pleaded. Affirmatively it is alleged that "no person whomsoever has ever acquired any title to the said minerals, oil or natural gas from the Stondall Land and Investment Company".

150

In the affidavit of Tom L. Sessions, which appears among the moving papers here, it is said:

That "he [Sessions] made immediate investigation to determine whether or not said company [Stondall Land and Investment Company] is still in existence and that he discovered Albert M. Stondal, one of the incorporators and largest stockholder thereof, resided at Madison, Wisconsin; that he [Sessions] immediately made an effort to contact the said Albert M. Stondall, but he [Sessions] discovered that he [Albert M. Stondall] was deceased, and that he thereafter contacted Alice M. Stondall, Helen B. Stondall and Mrs. Robert J. Hogan, three of the heirs-at-law of the said Albert M. Stondall and explained to them that it was his opinion that the Stondall Land and Investment Company was still the owner of the minerals under the above described lands * * *''

And despite the investigation made, the explanations given, and the effort put forth by Sessions there is no statement in his affidavit or anywhere in this record that the corporation itself is no longer in existence. In this connection it is to be remembered that the immediate purpose of the investigation undertaken by the affiant Sessions was to determine the present existence or nonexistence of the corporation and was not to find the heirs or next of kin of its president and principal stockholder. Indeed, if the corporation was not in existence when these proceedings were had in the trial court, the papers upon which the respondents moved to vacate this decree were at the greatest pains to conceal that fact in language which admits of nothing but the contrary conclusion.

Certainly we are not called upon to conjecture in the face of the positive recitals of fact before us what the respondents' rights would be, if the case stated were that the life of their corporation had expired. Nor need we speculate on the record before us whether the respondents might appear and defend, if they had pleaded a personal interest in the described lands distinct from the absolute title of their corporation, or if they claimed to have

succeeded to the corporation's title upon its dissolution. No such facts are presented for our decision.

The order of the district court is reversed with directions to reinstate the judgment of December 14, 1951, and to deny the respondents' motion to vacate, etc.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICE BOTTOMLY concur.

MR. JUSTICE ANGSTMAN: (dissenting)

I think the trial judge properly exercised his discretion in setting aside the default judgment.

The judgment was entered on December 14, 1951. It quieted title to the lands in controversy in plaintiffs and adjudged that no other person or persons had any interest therein and specifically included the minerals and mineral rights.

The moving parties, who are the heirs of the only stockholder in the Stondall Land and Investment Company, did not learn of the entry of judgment until May 26, 1952. Under section 93-3905 they were required to move within six months after the entry of judgment. The estate of their ancestor had not yet been probated. This allegation appears in the affidavit in support of the motion to set aside the judgment: "That the will of Albert M. Stondall has been probated in the State of Wisconsin and that steps have been taken to have the same probated within the State of Montana, and that the same will be offered for probate as a foreign will within the State of Montana before the hearing on this motion." The stock apparently had not yet been distributed to the heirs. They were in no position as yet to make a demand upon the officers of the corporation (if in fact there were any). True, the ownership of the shares of stock passed to their heirs upon the death of Albert M. Stondall, the sole stockholder of the land and investment company, subject of course to the claims of creditors. But as before stated they were in no position to make any demand upon the directors of the corporation in the capacity of stockholders. They were not yet stockholders.

I think the court was right in setting aside the default and giving them an opportunity to protect their interest if and when they are adjudged to be the heirs of Albert Stondall and if the shares of stock pass to them as such heirs. It may be that at the proper time they will be required to amend their answer, but that does not deprive them of the right to open the way to defend the quiet title suit. Section 93-3905 was designed to prevent an injustice. Here if the judgment is allowed to stand the property of the land and investment company (being all the minerals reserved to it in the lands in question together with the use of the surface rights to remove the same) will be forfeited to plaintiffs, who in fact have no right, title or interest therein whatsoever and the rightful heirs of the only stockholder will be deprived of their mineral rights. I think they have done everything necessary to protect their interests and everything which they could do in the light of conditions as they existed when they asked to have the judgment set aside.

Thus far I have assumed that the corporation is a going concern. The record however would seem to indicate that it no longer operates a business and probably has no officers. In obtaining an order to serve summons on the secretary of state for the corporation one of plaintiffs counsel filed an affidavit in which it is stated: ''That after due and diligent search and inquiry in sundry places and of diverse and sundry persons, affiant is unable to learn or find the name of any one that is able to give affiant the name of any president, secretary, cashier, managing agent, or any business agent, principal director or anyone at all that may be connected with the said defendant Stondall Land and Investment Company, a corporation of the State of Minnesota, upon whom the service of summons in the foregoing action might be made.''

The complaint in naming the defendants says in part: ''and all the successors, assigns, creditors, heirs of trustees of the above named corporation if it be terminated or expired * * *'' All this would imply that the corporation long since ceased to do business and has no regular officers or directors and hence comes

within the rule dispensing with the necessity for the stockholders to resort to the officers before protecting their rights in corporate property. 18 C.J.S., Corporations, section 564, page 1285; 13 Am. Jur., Corporations, section 464, page 508. But whether this be so or not the time to make a demand upon the officers of the corporation, if it be an ordinary going concern, is after the heirs of the sole stockholders themselves become stockholders. The fact that the Minnesota laws permit the stockholders to elect themselves as directors and thus control the corporation is no help to movants at this time since it is apparent that they are not yet stockholders.

The facts set forth in the answer are at least sufficient to show that there is a good and meritorious defense to the suit to quiet title and that the movants here are those beneficially interested in that defense. A party in interest who is prejudiced by the default judgment may apply to have it set aside even though he is not a party to the record. 49 C.J.S., Judgments, section 337, page 662; Annotation 135 A.L.R. 839.

The case of Hamill v. Great Northern Copper Co., 52 S.D. 271, 217 N.W. 195, denies the right of stockholders to move to set aside a default judgment against the corporation and holds that they must proceed by an independent suit in equity. In South Dakota however the courts relax this rule where a meeting of the board of directors may not be had, and permit stockholders under such circumstances to apply to the court for relief without first presenting to such board a request that it proceed to protect their interests. Frederick Milling Co., v. Frederick Farmers' Alliance Co., 20 S.D. 335, 106 N.W. 298; and see Annotation 33 A.L.R. (2d) 492.

I think the district judge was right in setting aside the default judgment so that the movants may litigate their rights on the merits. If the facts are such that a demand must be made upon the officers before stockholders may assert the defense that still may be done and the answer amended accordingly and these procedural requirements fully complied with.

I think the order appealed from should be affirmed.

154

MR. JUSTICE ANDERSON:

I concur in the above dissenting opinion of Mr. Justice Angstman.