JAMES BROOKS, PLAINTIFF AND APPELLANT, v. BROOKS PONTIAC, INC., A CORPORATION, AND UNION BANK & TRUST COMPANY OF HELENA, A BANKING CORPORATION, DEFENDANTS AND RESPONDENTS.

No. 10596.

Submitted December 9, 1963.  Decided February 11. 1964.

389 P.2d 185.

John C. Hoyt, Great Falls, Stanley P. Sorenson, Helena (argued), Charles E. Snyder, Helena, for appellant.

Luxan & Scribner, Walter S. Murfitt, Helena, A. W. Scribner, Helena (argued), for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment dismissing plaintiff's complaint. The appeal is on the judgment roll.

Plaintiff first filed a complaint in the name of Brooks Pontiac, Inc., as its President against the Union Bank and Trust Co. The Board of Directors of Brooks Pontiac, Inc., voted to discontinue the action and refused to prosecute the same.

Subsequently plaintiff filed an amended complaint in his own name against Brooks Pontiac, Inc., and Union Bank and Trust Company of Helena. The amended complaint alleged the corporate existence of the two defendants which will hereinafter be referred to as Brooks Pontiac and Union Bank. Then the amended complaint alleged:

"* * * that Plaintiff herein brings this action as a stockholder of Brooks Pontiac, Inc., * * * that the plaintiff is now and was at all times * * * a stockholder and director of Brooks Pontiac, Inc., * * * that the board of directors of said Brooks Pontiac, Inc., despite plaintiff's demand and vote that said action be continued, voted * * * to discontinue said action * * * against the defendant Union Bank * * *; that the directors of said Brooks Pontiac, Inc., own all of the outstanding stock of said company and that the directors who voted to discontinue said action own or control the majority of said stock * * *."

Then it was alleged in substance that Brooks Pontiac was operator of an automobile sales agency, and that the Union Bank had stopped payment on its cashier's check causing checks written by Brooks Pontiac to be dishonored, and that the stopping of payment was wrongful, doing damage to Brooks Pontiac. The complaint sought damages.

Hearing was had on defendants' motions to dismiss. The

trial court granted the motions to dismiss as to both defendants, and ordered further, that the plaintiff having amended the complaint once as a matter of course, might file an application to further plead. Plaintiff filed such application and in the second amended complaint added the following:

"* * * that as hereinafter alleged and set forth the said corporation Brooks Pontiac, Inc., has a clear right to recover against the said defendant Union Bank & Trust Co., and suffered damage as a result of the action of the defendant Union Bank and Trust Co. hereinafter alleged, which damages are of a substantial nature and that the results of the said action, if continued, would be of great worth and value to the said Brooks Pontiac, Inc.; that the refusal of the directors of said Brooks Pontiac, Inc., other than the plaintiff herein, to prosecute and continue said action constitutes a constructive fraud against the said Brooks Pontiac, Inc., and the minority stockholders thereof, particularly the plaintiff herein."

The trial court held that the second amended complaint was not materially different from the first and similarly defective and, consequently, denied the application and dismissed the action.

The specifications of error go to the correctness of the trial court's dismissal orders. The trial court wrote a memorandum opinion which we quote in part:

"* * * the sole question is can a minority stockholder and director in the face of the majority of the Board of Directors' action in dismissing the suit again start an action? The question answers itself. Neither a minority director nor minority group of stockholders can impose their unbridled will on the officers and directors of a corporation in litigation against its will. * * *

"Corporations act through their directors and when the majority of the directors act as they have here and dismiss the action, the minority director Brooks, on the facts alleged here,

could not bring this action. If this were not true chaos would ensue and the rule of the majority would mean nothing."

Appellant makes his attack by setting up what he terms the elements of plaintiff's claim as a stockholder's derivative action. (1) a claim for relief in the corporation; (2) refusal of the corporate officers to prosecute the claim; (3) exhaustion of remedies within the corporation, and (4) fraud or constructive fraud upon the corporation by the officers refusing to prosecute the claim.

As to the first item, we do not think it necessary to make any determination, but shall assume that a claim for relief existed in the Corporation against the Union Bank. As to the second it is clear that the corporate officers did refuse to prosecute the claim. As to the third, it was alleged that corporate remedies had been exhausted.

As to the fourth, however, it is clear that fraud, bad faith or ultra vires acts were not alleged. The only suggestion of an allegation was contained in the previously quoted allegation that: "* * * said action constitutes *a constructive fraud* * * *." Complete opportunity to charge fraud or misconduct was had, but on submitting the second amended complaint plaintiff carefully refrained from alleging fraud or bad faith on the part of the directors. Just what plaintiff means in asserting constructive fraud is not clear, certainly no facts leading to that conclusion are alleged.

R.C.M.1947, § 15-401, provides that corporate business must be exercised, conducted and controlled by a board of directors. It is clear that the general rule in Montana is that an individual stockholder may not maintain an action, but must do so through the board of directors. In Malcolm v. Stondall Land and Investment Company, 129 Mont. 142, 145, 284 P.2d 258, the rule is stated:

"The short answer to the question put is that as a general rule stockholders may not sue upon a cause of action belonging

to their corporation whether in their own names or in the name of the corporation itself.".

In Noble v. Farmers Union Trading Co., 123 Mont. 518, 541, 216 P.2d 925, this court quoted, with approval, from Goodwin v. Castleton, 19 Wash.2d 748, 144 P.2d 725, 150 A.L.R. 859, as follows:

" 'The mere fact that a corporation has a cause of action for an injury does not always make it incumbent upon it to sue, any more than in the case of an individual. If, in the opinion of the directors or a majority of the stockholders, the best interests of the company do not require it to sue, it need not do so. The matter ordinarily is within their discretion, and if they act in good faith, their refusal to sue violates no right of dissenting stockholders, so as to entitle them to maintain a suit in their own behalf. The exercise of such discretion by the directors will not be lightly set aside by the court, and where a stockholder complains of such action of the directors the court will consider the circumstances, and, if no bad faith is shown, will decline to substitute the judgment of the stockholder for that of the managing directors. * * *' "

Many cases have been brought in this court by stockholders attempting to assert rights in behalf of a corporation. The cases are largely cited in Malcolm v. Stondall Land and Investment Company, supra, and Noble v. Farmers Union Trading Co., supra, and will not be cited here. An examination of the decisions reveals that the right of a stockholder to bring a derivative action has been upheld in many cases and denied in others. Many cases have discussed the question of whether it is necessary to allege and prove, as a condition precedent, that a demand was made on the directors and the directors refused to bring an action. However, no case involved a situation where fraud, bad faith, or ultra vires action is not alleged.

Appellant cites Sullivan v. Mountain, 117 Mont. 224, 160 P.2d 477. In that case, the stockholder alleged fraudulent acts on the part of the corporate managements and is in line with our

holding here. See 18 C.J.S. Corporations, § 562, p. 1277, and 13 Am.Jur., Corporations, p. 507.

■ We return now to the allegation of the bare conclusion "constructive fraud" previously alluded to. It has always been the rule in Montana that fraud is never presumed, and that such a charge must be sustained by the allegations and proof of the facts constituting the fraud. See Teisinger v. Hardy, 86 Mont. 180, 282 P. 1050, and Costello v. Shields, 99 Mont. 335, 43 P.2d 879. The rule is set forth in Rule 9(b), M.R.Civ.P.:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. * * *"

■ Not having allegations of fact from which the conclusion of "constructive fraud" might be reached, the attempt to state a claim for relief as a derivative action, as here, fails.

For the foregoing reasons, the judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, ADAIR and DOYLE concur.