DA 07-0268

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 155

BRUCE A. JOHNSON,

      Plaintiff and Appellee,

v.

HENRY BOOTH,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDV-05-769
Honorable Julie Macek, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

      Steven T. Potts, Thompson, Potts & Donovan, P.C., Great Falls, Montana

      For Appellee:

      Sara R. Sexe, Marra, Sexe, Evenson & Bell, P.C., Great Falls, Montana


      Submitted on Briefs:  March 5, 2008

      Decided:  April 29, 2008


Filed:


_____
                         Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1  This case concerns a dispute between the co-owners of two business entities— Hank's Fire Service, Inc. (hereinafter "Hank's") and Arcane Worldwide Racing, LLC. (hereinafter "Arcane"). Henry Booth appeals from an order of the District Court for the Eighth Judicial District, Cascade County, redesignating a custodian as a receiver with orders to wind up and liquidate Hank's and Arcane. Booth also appeals from a separate District Court order imposing discovery sanctions for Booth's failure to comply with an order compelling responses to discovery requests. We dismiss with respect to both claims.

¶2  We restate the issues on appeal as follows:

1.  Did the District Court abuse its discretion when it redesignated the custodian as a receiver, pursuant to § 35-1-941(4), MCA?

2.  Did the District Court err when it failed to hold a hearing prior to redesignating the custodian as a receiver?

3.  Did the District Court err by imposing sanctions for failure to comply with an order compelling Booth to respond to discovery requests?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3  Johnson and Booth are equal owners of both Hank's and Arcane. Hank's provided fire extinguishers, fire alarms, and fire sprinkler systems to various businesses. Johnson and Booth filed articles of incorporation for Hank's on April 22, 1993. The articles provided that Booth and Johnson would serve as the two directors and that Booth would be the registered agent. Arcane's primary business focus was on motorcycles. Johnson

2

and Booth filed the articles of organization for Arcane on September 28, 2004. Booth's residence served as the principal place of business for both entities; however, after this action commenced, Hank's relocated to another place of business.

¶4 On July 1, 2005, Johnson filed a complaint in which he made numerous allegations, including that Booth was attempting to "dominate and control the business and affairs of [Hank's] at the exclusion and to the detriment of Bruce Johnson," that Booth unilaterally precluded Johnson from Hank's place of operation by means of police intervention, that Booth diverted a substantial amount of funds from Hank's for Arcane or Booth's personal use without Johnson's consent, and that Booth "had usurped complete control of corporate holdings" depriving Johnson from investment income and participation in the management of Hank's. Johnson's requested relief included: (1) that Booth be removed as both president and treasurer of Hank's and as managing member of Arcane; (2) an accounting of all business records of both businesses; (3) that the District Court appoint a custodian and/or receiver to manage the business and affairs of Hank's; (4) damages and statutory interest; and (5) either a distribution of, and/or purchase of the shareholders' interest in Hank's and the members' capital investment and interest in Arcane or that both businesses be dissolved with the proceeds to be distributed according to the parties' respective interests.

¶5 Concurrent with the filing of his complaint, Johnson filed a Motion for Temporary Restraining Order and Preliminary Injunction, Request for Receiver or Custodian, Brief in Support and Request for Hearing. Johnson requested that the District Court enjoin Booth from interfering with the operation of Hank's and Arcane or from transacting

3

business without an independent receiver's oversight. Johnson also requested that the court prevent Booth from transferring or disposing of any property of either company without Johnson's consent or a court order. The District Court issued the temporary restraining order that same day.

¶6 The parties entered into a stipulation on July 12, 2005, in which they agreed to several of the provisions found in the temporary restraining order, including that neither party would: (1) interfere with the reasonable and proper exercise of the other's activities in relation to Hank's or Arcane, (2) transfer property without the other's consent or a court order, (3) cause either business to spend more than $500 without providing written notice to the other party, or (4) disparage the other or imply that the other is without business authority. Johnson and Booth also agreed that both parties would have full access to all business, organizational, and financial records of Hank's and Arcane, and that until further court order, it would not be necessary for either entity to appear or otherwise defend itself. Upon reviewing the stipulation, the District Court ordered that the parties be bound by its terms until the Hank's and Arcane entities and/or the ownership interests separated.

¶7 Only a little over three months after Johnson and Booth signed the stipulation, Johnson filed a Motion for Order to Show Cause and Renewed Motion for Temporary Restraining Order and Request for Receiver or Custodian. Johnson alleged that in the time since the parties signed the stipulation, Booth violated numerous provisions of the stipulated order, including continuing to operate the businesses as if they were Booth's sole proprietorships and unilaterally deciding to cease Arcane's operations (the parties

4

later agreed to sell Arcane's motorcycles and other equipment in order to pay the company's debts). After reviewing Johnson's motion, the District Court issued an order to show cause and set the matter for a hearing.

¶8 The District Court held three hearings on Johnson's renewed motion. Both Johnson and Booth then filed proposed findings of fact and conclusions of law, as requested by the court. In its subsequent order, the District Court refused to find Booth in contempt of court due to lack of personal service of the order to show cause. Similarly, the court also found that it could not appoint a receiver or a conservator due to lack of personal jurisdiction over Hank's or Arcane because Johnson had not served either entity through its registered agent. However, the court did find that Booth had violated a number of the terms of the stipulation and ordered the parties to again abide by its terms. The court also concluded "[a]lthough it is abundantly clear that the parties can no longer successfully manage the corporation together, and that it would be in the best interest of the corporation to consider dissolving the corporation and/or appointing a receiver/custodian, for the reasons set forth herein, this Court does not have jurisdiction over the businesses to issue such an order."

¶9 In response to the District Court's order, Johnson notified the court that he served Booth as the registered agent for Hank's and Arcane. Johnson later provided an affidavit of service to the court demonstrating that service was accomplished on May 4, 2006. On subsequent motion by Johnson, the court entered the defaults of Hank's and Arcane after

both entities failed to appear.[1] Johnson then filed a Renewed Request for Custodian. The District Court held a hearing on Johnson's renewed request and heard arguments from both parties. In its subsequent order, the District Court determined that Hank's and Arcane needed an independent custodian. Notwithstanding Booth's arguments that a custodian was unnecessary as Hank's already had a manager in place, the court concluded that a custodian was necessary as "that manager is subject to the directives of each party and often receives completely conflicting instructions from Booth and Johnson."

¶10    On January 29, 2007, Johnson filed a Motion for Appointment of New Custodian and for Definitive Instructions to Custodian. In addition to addressing the issue of the appointment of a second custodian (the first custodian appointed by the District Court resigned earlier that month), Johnson also voiced his concerns about the role of the custodian. Johnson stated:

> [Hank's] and [Arcane] have not answered the Complaint, and have been defaulted. The Complaint included a request for dissolution of both [Hank's] and [Arcane] to which neither entity has provided a defense. Therefore, these entities should be dissolved and the assets and liabilities of the businesses should be wound up and dealt with by the custodian in this matter.

Johnson requested that the court appoint a new custodian with instructions to orderly dissolve both entities and wind up the business. In response to this motion, Booth filed a memorandum in opposition, in which he stated that under § 35-1-941, MCA, a custodian does not have the power to dissolve a business entity. Booth requested that the court

---

[1] Booth has filed a motion to set aside the defaults of Hank's and Arcane; however, the District Court has not yet ruled on this motion.

6

defer its decision to grant dissolution of Hank's and Arcane as a remedy until trial. Prior to the District Court ruling on Booth's motion, Johnson and Booth agreed on a new custodian and the court appointed the parties' selection.

¶11 After considering both parties' arguments, the District Court issued its order regarding Johnson's Motion for Definitive Instructions to Custodian. Pursuant to § 35-1-941(4), MCA, the District Court redesignated the recently appointed custodian as a receiver with instructions to wind up and liquidate the business and affairs of Hank's and Arcane. The court determined that the redesignation was necessary "in the best interests" of both entities, as well as the companies' shareholders and creditors. This appeal followed.

## STANDARD OF REVIEW

¶12 We review a district court's decision to appoint a receiver under the abuse of discretion standard. *Crowley v. Valley West Water Co.*, 267 Mont. 144, 150, 882 P.2d 1022, 1025 (1994). A district court abuses its discretion when it acts arbitrarily, without employment of conscientious judgment, or in excess of the bounds of reason resulting in substantial injustice. *Kuhr v. City of Billings*, 2007 MT 201, ¶ 14, 338 Mont. 402, ¶ 14, 168 P.3d 615, ¶ 14.

¶13 Our standard of review for discovery sanctions imposed under M. R. Civ. P. 37, is whether the district court abused its discretion. *Murphy Homes, Inc. v. Muller*, 2007 MT 140, ¶ 66, 337 Mont. 411, ¶ 66, 162 P.3d 106, ¶ 66. "In doing so, we generally defer to the district court because it is in the best position to determine both whether the party in question has disregarded the opponent's rights, and which sanctions are most

7

appropriate." *Rothing v. Kallestad*, 2007 MT 109, ¶ 49, 337 Mont. 193, ¶ 49, 159 P.3d 222, ¶ 49 (internal quotation marks omitted).

## DISCUSSION

¶14 ***Issue One. Did the District Court abuse it discretion when it redesignated the custodian as a receiver, pursuant to § 35-1-941(4), MCA?***

¶15 Booth argues that the District Court abused its discretion when it redesignated the custodian as a receiver. Booth claims that the appointment of a receiver is "one of the harshest remedies available" and as such, due process requires that the court hold a hearing, absent emergency or extreme necessity. Booth claims that the defaults entered against Hank's and Arcane that led to the redesignation were improperly entered because the parties' stipulation stated that the two entities would not have to appear until further order of the court. Booth also argues that the defaults make no difference because neither Hank's nor Arcane had been dissolved and it would be premature to wind up and liquidate either entity.

¶16 Johnson asserts that while the District Court did not abuse its discretion or err in redesignating the custodian as a receiver, Booth does not have standing to seek relief on behalf of the entities Hank's and Arcane.[2] As such, Johnson claims that a challenge to the appointment or redesignation of the custodian as a receiver can only be raised by

---

[2] Booth contends that Johnson cannot raise the argument that Booth lacks standing to challenge the appointment of the receiver, as "this Court will not address an issue raised for the first time on appeal." *See Jones v. Montana University System*, 2007 MT 82, ¶ 23, 337 Mont. 1, ¶ 23, 155 P.3d 1247, ¶ 23. While this is generally true, standing is a threshold, jurisdictional requirement of every case and the general rule does not pertain to jurisdictional issues. *Bryan v. District*, 2002 MT 264, ¶ 19, 312 Mont. 257, ¶ 19, 60 P.3d 381, ¶ 19. Accordingly, we will consider Johnson's arguments regarding standing.

Hank's and Arcane (neither of which has appeared) and as such, Booth does not have standing to assert a claim on their behalf. We agree with Johnson.

¶17 A corporation has a separate and distinct identity from its stockholders. *First Sec. Bank of Glendive v. Gary*, 245 Mont. 394, 402, 798 P.2d 523, 528 (1990). In *Richland Nat. Bank & Trust v. Swenson*, 249 Mont. 410, 816 P.2d 1045 (1991), we examined whether the defendants had standing to present claims for wrongs to themselves when those claims were essentially those of a corporation of which the defendants were the sole proprietors. *Swenson*, 249 Mont. at 423, 816 P.2d at 1054. We agreed with the District Court that the claims being asserted were essentially those of the corporation and that the defendants as individual shareholders could not prosecute the claims of the corporation. *Swenson*, 249 Mont. at 424, 816 P.2d at 1054. In reaching this conclusion, we stated, "Montana law is clear that the stockholders and guarantors of a corporation do not have the right to pursue an action on their own behalf when the cause of action accrues to the corporation." *Swenson*, 249 Mont. at 424, 816 P.2d at 1054; *see also Gullett v. Van Dyke Const. Co.*, 2005 MT 105, ¶ 14, 327 Mont. 30, ¶ 14, 111 P.3d 220, ¶ 14.

¶18 Furthermore, the stockholders generally may not defend for a corporation an action brought against the corporation as a defendant. *Malcom v. Stondall Land & Inv. Co.*, 129 Mont. 142, 146, 284 P.2d 258, 260 (1955). "The corporation itself must in such circumstances appear and plead; or there may be neither suit nor defense for it." *Malcom*, 129 Mont. at 146, 284 P.2d at 260. The reasoning of *Malcom* and *Swenson*, which both involved corporations wholly owned by the defendants in question, is no less compelling where the defendant, like Booth, owns 50% of the corporation and limited

9

liability company and is the registered agent for both entities. There is no need for Hank's or Arcane to resort to having a stockholder or member defend an action to protect the entities' respective interests.

¶19 Likewise, Booth does not have standing to pursue an appeal on behalf of Hank's or Arcane. "In order to have standing on appeal, a party must be able to show an interest in the subject matter of litigation which has been injuriously affected by the judgment or order." *Daniels-Sheridan v. Bellanger*, 2001 MT 235, ¶ 22, 307 Mont. 22, ¶ 22, 36 P.3d 397, ¶ 22. Booth appeals from the District Court's order redesignating the custodian as a receiver for Hank's and Arcane. Any injury or adverse effect resulting from this order would impact and concern these two entities, not Booth. Accordingly, this claim belongs to Hank's and Arcane, and Booth cannot defend any claim properly belonging to the two entities or appeal on their behalf.

¶20 Booth claims that he has standing to challenge the appointment of the receiver based on the stipulation that the parties signed. Paragraph 7 of the stipulation states, "Until further order of the Court, it shall not be necessary for [Hank's] and/or [Arcane] to appear or otherwise defend themselves in this action." Regardless of whether the stipulation initially controlled which parties needed to appear in this action, the subsequent orders of the District Court clearly demonstrated the need for Hank's and Arcane to appear and be parties to the suit. After Johnson filed a motion requesting that the District Court appoint a receiver or custodian, Booth, in his Memorandum in Opposition to Request for Summary Ruling stated:

it is undisputed that [Hank's] and [Arcane], were never served with orders to show cause and have not appeared. There is no basis whatsoever to grant injunctive relief or a receiver or custodian against either of those entities without service upon them of the order to show cause. Simply stated, without such service there can be no personal jurisdiction over those entities.

The District Court agreed and concluded it could not appoint a custodian or receiver for Hank's or Arcane, as the court lacked jurisdiction over the entities which had not been served. The District Court also noted that Booth's attorney maintained that he only represented Booth in the matter and *not* Hank's or Arcane.[3]

¶21 Whatever the parties may have agreed to in the stipulation, the District Court deemed it necessary that Hank's and Arcane be served with process before a custodian or receiver could be appointed. Booth cannot simply rely on the assertion that the stipulation relieved the entities from any need to appear or defend themselves, especially in light of the language in the stipulation stating that Hank's or Arcane need not appear or otherwise defend themselves "*until further order of the Court*" (emphasis added) and the ensuing District Court order that both entities needed to be served in the action.

¶22 The claim that the District Court abused its discretion in redesignating the custodian as a receiver concerns and belongs to the corporate entities, not Booth

---

[3] We note that in regard to Booth's representation on behalf of Hank's and Arcane, Booth's arguments have been highly inconsistent. On one hand, Booth maintains that his counsel only represents him personally and not Hank's or Arcane. Booth stated this in his December 23, 2005 proposed findings of fact and conclusions of law. After service upon Booth as registered agent of Hank's and Arcane, neither entity appeared and Johnson obtained entries of default against them. While Booth continued to maintain that his counsel does not represent Hank's or Arcane, he nonetheless filed a motion to set aside the defaults entered against Hank's and Arcane. The District Court has yet to rule on this motion.

individually. Booth does not have standing to defend any claims properly belonging to Hank's or Arcane, nor does he have standing to pursue an appeal on behalf of Hank's or Arcane for claims belonging to the two entities. We hold that Booth does not have standing to challenge the redesignation on behalf of Hank's and Arcane and dismiss Booth's claims for lack of jurisdiction.

¶23 ***Issue Two. Did the District Court err when it failed to hold a hearing prior to redesignating the custodian as a receiver?***

¶24 For the same reasons that led to our conclusion in Issue One that Booth did not have standing to challenge the redesignation of the custodian as a receiver, we need not address this issue and dismiss it accordingly for lack of jurisdiction.

¶25 ***Issue Three. Did the District Court err by imposing sanctions for failure to comply with an order compelling Booth to respond to discovery requests?***

¶26 Booth contends that the District Court erred when it imposed discovery sanctions against him. Prior to analyzing Booth's contentions, an overview of the factual background on the parties' discovery dispute is necessary.

¶27 On June 28, 2006, Johnson filed a Motion to Compel Answers to Interrogatories and Reponses to Request for Production. Johnson alleged that Booth had failed to fully and adequately answer Johnson's first set of discovery requests in Booth's November 18, 2005 discovery responses. Booth then filed a memorandum in opposition to Johnson's motion to compel. The District Court held a hearing on September 12, 2006, at which Johnson withdrew several but not all of his discovery requests. The District Court subsequently issued an order granting Johnson's motion to compel as to the remaining discovery requests. The court concluded that Booth had failed to fully comply with

M. R. Civ. P. 33(c) and 34(b) in his responses to several of Johnson's discovery requests. The court ordered Booth to fully and completely respond to the interrogatories and requests for production at issue.

¶28    Less than two months later, Johnson filed a Motion for Default Judgment.  In his motion, Johnson requested that a default judgment be entered against Booth as a sanction for Booth's failure to produce the documents that the District Court had previously ordered Booth to produce.  While the court declined to enter a default judgment, it did impose sanctions by attributing amounts owed on several credit cards that were a subject of the discovery requests to Booth himself and the court ordered Booth to pay Johnson's attorney's fees and costs associated with the motion for sanctions.

¶29    While Booth argues that he fully responded to Johnson's discovery requests and that the District Court erred in concluding that Booth's responses were evasive and that he had possession, custody, or control of the requested documents, we need not address Booth's arguments as the Montana Rules of Appellate Procedure do not authorize this issue to be reviewed by this Court at this stage in the proceedings.

¶30    M. R. App. P. 6(1) provides that "[a] party may appeal from a final judgment in an action or special proceeding and from those final orders specified in sections (2), (3), and (4) of this rule."  A final judgment is one which "conclusively determines the rights of the parties and settles all claims in controversy in an action or proceeding, including any necessary determination of the amount of costs and attorney fees awarded or sanction imposed."  M. R. App. P. 4(1)a.; *see also Matter of Litigation Relating to Riot*, 283 Mont. 277, 280, 939 P.2d 1013, 1015-16 (1997) ("A final judgment is one wherein a final

13

determination of the rights of the parties has been made; any decree which leaves matters undetermined is interlocutory in nature and not a final judgment for purposes of appeal."). It is clear that the District Court's order granting sanctions against Booth is not a final judgment as the primary issues of the case remained unresolved.

¶31 In addition, subsections (2), (3), or (4) of M. R. App. P. 6, which permit appeal of certain interlocutory orders, do not permit an interlocutory appeal of discovery sanctions.[4] Moreover, M. R. App. P. 6(5) makes clear that certain orders and judgments of the lower court are not appealable. Subsection (5)e. specifically states that "orders granting or denying sanctions" are not appealable, and subsection (5)f. states that interlocutory judgments are not appealable. M. R. App. P. 4(1)b. defines an interlocutory judgment as "an order or decree that determines a preliminary or subordinate question or issue and which enables the court to render a final judgment but does not finally decide the cause." "Typically, orders pertaining to discovery are interlocutory in nature . . . ." *Hegwood v. Mont. Fourth Jud. Dist. Court*, 2003 MT 200, ¶ 6, 317 Mont. 30, ¶ 6, 75 P.3d 308, ¶ 6. Under the Montana Rules of Appellate Procedure, the imposition of sanctions for discovery abuse is precisely the type of order that is not subject to appellate review until the judgment is final.

¶32 Accordingly, we dismiss as premature Booth's appeal of the discovery sanctions without prejudice and remand to the district court for further proceedings.

---

[4] In contrast, M. R. App. P. 6(3)g. specifically authorizes an appeal from "an order appointing or refusing to appoint a receiver, or giving directions with respect to a receivership, or refusing to vacate an order appointing or affecting a receiver" provided that the order is the lower court's final decision on the referenced matter. Thus, Booth's claims under Issues I and II are properly before the Court.

**CONCLUSION**

¶33 Booth does not have standing on behalf of the corporate entities to challenge the redesignation of the custodian as a receiver and we dismiss his claims for lack of jurisdiction. Booth's appeal regarding the imposition of discovery sanctions is interlocutory in nature and cannot be reviewed at this stage of the proceedings.

¶34 Dismissed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE