**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUERBIER RANCHES, INC.; et al., | No.   16-35280 |
| Plaintiffs-Appellants, | D.C. No. 6:13-cv-00071-SEH |
| v. | |
| CATLIN SPECIALTY INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted December 7, 2017[**]
Seattle, Washington

Before:  O'SCANNLAIN, TALLMAN, and WATFORD, Circuit Judges.

**1.**  The district court properly granted Catlin Specialty Insurance Company's

motion for judgment as a matter of law.  Catlin is not liable under the Montana

Unfair Trade Practices Act because it "had a reasonable basis in law . . . for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

contesting the claim or the amount of the claim." Mont. Code Ann.

§ 33-18-242(5). Contrary to Sauerbier Ranches' argument, the question whether

an insurer reasonably interpreted precedent in making a coverage decision is a

legal question for the court. *State Farm Mut. Auto. Ins. Co. v. Freyer*, 312 P.3d

403, 418–19 (Mont. 2013). Here, the insurance policy is governed by New York

law, and cases applying New York law support Catlin's interpretation of the

"Interrelated Wrongful Acts" provision. *See Quanta Lines Ins. Co. v. Inv'rs

Capital Corp.*, No. 06-CIV-4624-PKL, 2009 WL 4884096, at *2, *14 (S.D.N.Y.

Dec. 17, 2009), *aff'd sub nom. Quanta Specialty Lines Ins. Co. v. Inv'rs Capital

Corp.*, 403 F. App'x 530 (2d Cir. 2010); *Zahler v. Twin City Fire Ins. Co.*, No. 04-

CIV-10299-LAP, 2006 WL 846352, at *6 (S.D.N.Y. Mar. 31, 2006).

Because we affirm the district court's grant of judgment as a matter of law,

we need not address Sauerbier Ranches' evidentiary arguments.

**2.** The district court properly dismissed the individual shareholders. Under

Montana law, corporate shareholders cannot "pursue an action on their own behalf

when the cause of action accrues to the corporation." *Johnson v. Booth*, 184 P.3d

289, 293 (Mont. 2008) (citation omitted). Because the individual shareholders did

not invest in the tenant-in-common property themselves, Montana law does not

recognize their claims.

Appellants shall bear the costs of appeal. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**